IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TECMA TRANSPORTATION
SERVICES, LLC,

    Plaintiff/Counter-Defendant,

    vs.                                                 Case No. 2:22-cv-00456-GJF-KRS

200 SOUTH PEMBERTON, LLC,

    Defendant/Counter-Claimant.

**DEFENDANT/COUNTERCLAIMANT 200 SOUTH PEMBERTON, LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM FOR BREACH OF CONTRACT, PROMISSORY ESTOPPEL, AND BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

COMES NOW Defendant and Counter-Claimant 200 South Pemberton, LLC (hereinafter "Defendant" or "Pemberton") by and through its attorneys, Rodey, Dickason, Sloan, Akin & Robb, PA (Tyler M. Cuff and Jeffrey R. Taylor) and for its Amended Answer to Plaintiff Tecma Transportation Services, LLC's (hereinafter "Plaintiff") Complaint states as follows:

**PARTIES**

1.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3.    Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.    Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

3838536.1

## JURISDICTION AND VENUE

5. Paragraph 5 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent response is deemed required, Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## COUNT I

8. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13. Paragraph 13 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

## COUNT II

14. Defendant incorporates by reference its responses to each preceding paragraph as though set forth fully herein.

15. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to the relief set forth in the unnumbered paragraph following Paragraph 16 and beginning "WHEREFORE," including its subparagraphs 1-4.

## GENERAL DENIAL

All allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

1. This court lacks subject matter jurisdiction to adjudicate this dispute and personal jurisdiction over this Defendant.

2. Venue is improper in this court.

3. The District of New Mexico is an improper forum under the doctrine of *forum non conveniens*.

4. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

5. Plaintiff's claims are barred by the principles of equity.

6. Plaintiff's claims are barred by the doctrines of laches, estoppel and unclean hands.

7. Plaintiff's claims are barred or reduced to the extent they failed to mitigate their damages.

8. Plaintiff's claims are barred or limited by offset/setoff and recoupment

9. In the event that a judgment is entered against Defendant, Defendant is entitled to reduction of the judgment to the extent of any collateral source payment.

## RESERVATION OF RIGHT TO AMEND

Defendant reserves the right to assert any additional defense of which it may learn through discovery and further reserves the right to adopt and assert any defenses raised or asserted by other Defendants, if any, to this action.

THEREFORE, having fully answered, Defendant requests that Plaintiff's Complaint be dismissed, or in the alternative, that judgment be rendered in Defendant's favor, that Defendant be awarded costs and for such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM FOR BREACH OF CONTRACT, PROMISSORY ESTOPPEL, AND BREACH OF CONTRACT

For its Counterclaim for Breach of Contract, Promissory Estoppel, and Breach of the Covenant of Good Faith and Fair Dealing, Pemberton states as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000 exclusive of interests and costs and the parties are citizens of different States.

2. The Court has personal jurisdiction over Counter-Defendant Tecma Transportation Services, LLC, which is organized under the laws of New Mexico and whose principal place of business is in New Mexico.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Counter-Defendant resides in the District.

4. In July 2021, Pemberton reached out to Tecma for a quote to deliver steel structures from Chihuahua, Mexico, to Pemberton, New Jersey.

5. Several dozen shipments would be necessary—approximately 60 to 66 initially with more to come if the deliveries went well.

6. The steel structures were to be used in construction of a commercial building in Pemberton, New Jersey. The structures were necessary to the construction project.

7. The steel structures were custom, made to order, and manufactured in the order that they were to be built on the project.

8. Time was of essence in delivering the steel structures.

9. It was also critically important that the steel structures be delivered in the order in which they were manufactured and shipped.

10. Tecma knew that the steel structures were necessary to the construction project, that time was of the essence, and that it was critically important that the steel structures be delivered in the order in which they were manufactured and shipped.

11. On August 3, 2021, Counter Defendant provided Pemberton a rate quote for delivery of steel structures from Chihuahua, Mexico, to Pemberton, New Jersey.

12. Tecma represented that it had the capacity and capability of delivering the steel structures on time and in the correct order.

13. On information and belief, Tecma did not have the capacity or capability to deliver the steel structures on time and in the correct order when it sent the quote.

14. On information and belief, Tecma knew that it did not have the capacity or capability to deliver the steel structures on time and in the correct order when it sent the quote.

15. On information and belief, Tecma had reason to know and did know that Pemberton would suffer delays and resulting damages from Tecma's failure to deliver shipments on time and in the correct order.

16. Pemberton accepted Tecma's quoted rate and engaged it to deliver the steel structures.

17. Tecma failed to deliver the steel structures within a reasonable time.

18. Tecma failed to deliver the steel structures in the order that they were manufactured and shipped.

19. At times, Tecma represented that it had "lost" shipments of the steel structures, only to find them later and untimely deliver them.

20. On December 8, 2021, Pemberton reached out to Tecma to confirm that two months-late shipments would be delivered on December 10 and 13, 2021, respectively.

21. Tecma responded by demanding that Pemberton pay it $259,575.00.

22. When Pemberton asked how Tecma arrived at that number, discussion revealed that Tecma was not counting payments Pemberton had already made and was counting invoices it had not yet sent Pemberton.

23. Tecma still insisted that Pemberton pay invoices that had not been sent before it would deliver the past due shipments.

24. When Pemberton objected that Tecma was holding it hostage, Tecma responded "business is business, sir."

25. Later in December 2021, Pemberton inquired about delivery of a shipment that had been picked up from the manufacturer.

26. Pemberton informed Tecma that the missing shipment was delaying installation and that the on-site crane might have to be demobilized and remobilized at Pemberton's cost.

27. Tecma responded that the paperwork for the shipment was missing, but the load itself was at Tecma's yard. Tecma said that it would look for the paperwork on Monday instead of that day, a Friday.

28. Pemberton suffered significant delays as a result of Tecma's late and out of order deliveries, and in turn substantial losses.

29. Delays, and resulting losses, caused by Tecma's late and out of order deliveries included:

   a. Demobilization and remobilization of the crane;

   b. Installation delays;

   c. Extended general contractor general conditions;

   d. Delayed certificate of occupancy and lease operations with attendant lost profits;

   e. Late delivery with attendant penalties; and

   f. Loan and interest payments.

30. Pemberton's losses as a result of Tecma's late and out of order deliveries exceed $1 million.

## COUNTERCLAIM COUNT I: BREACH OF CONTRACT

31. Pemberton incorporates by reference all prior paragraphs as though set forth fully herein.

32. Pemberton and Tecma contracted for the shipment and delivery of steel structures from Chihuahua, Mexico, to Pemberton, New Jersey.

33. Pemberton's and Tecma's contracts were supported by offer, acceptance, consideration, and mutual assent.

34. Material terms of those contracts included but were not limited to timely performance and delivery of steel structures in the order they were manufactured and shipped.

35. Tecma breached contracts with Pemberton.

36. Pemberton has been damaged by Tecma's breach.

## COUNTERCLAIM COUNT II: PROMISSORY ESTOPPEL

37. Pemberton incorporates by reference all prior paragraphs as though set forth fully herein.

38. Tecma promised Pemberton that it would timely deliver steel structures, deliver steel structures in the order they were manufactured and shipped, and had the capability and capacity to do so.

39. Pemberton relied on Tecma's promises.

40. It was reasonable for Pemberton to rely on Tecma's promises.

41. Tecma's promises caused Pemberton to change its position by contracting with Tecma rather than others for shipment of the steel structures.

42. Pemberton's change in position was substantial.

43. Tecma knew or should have known that Pemberton would contract with Tecma rather than others for shipment of the steel structures after Tecma made its promises.

44. Pemberton has been damaged due to contracting with Tecma rather than others and otherwise changing its position in reliance on Tecma's promises.

45. Enforcement of Tecma's promises is necessary to prevent injustice.

### COUNTERCLAIM COUNT III: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

46. Pemberton incorporates by reference all prior paragraphs as though set forth fully herein.

47. Every contract contains an implied promise of good faith and fair dealing that protects the parties' expectations under the contract. The promise requires that the parties act honestly and in accordance with standards of fair dealing, and that neither party do anything to injure the rights of the other to receive the benefit of their agreement.

48. Tecma sought to withhold the benefits of its contracts with Pemberton by

49. Pemberton has been damaged by Tecma's breach of the covenant of good faith and fair dealing.

Wherefore, Pemberton requests that the Court enter a judgment in its favor and against Tecma for:

1. Compensatory damages in an amount to be proven at trial;

2. Special damages in an amount to be proven at trial;

3. Punitive damages in an amount to be proven at trial;

4. Reasonable attorneys' fees;

5. Pre-judgment interest and post-judgment interest; and

6. Any other relief that the Court deems just.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By __/s/ Jeffrey R. Taylor_____
    Tyler M. Cuff
    Jeffrey R. Taylor
P.O. Box 1888
Albuquerque, NM 87103
(505) 765-5900
tcuff@rodey.com; rtaylor@rodey.com
*Attorneys for Defendant 200 South Pemberton LLC*


CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

By:  __/s/ Jeffrey R. Taylor__
       Jeffrey R. Taylor