IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TECMA TRANSPORTATION SERVICES, LLC,

    *Plaintiff*,

vs.                                                  No. 2:22-CV-456 GJF/KRS

200 SOUTH PEMBERTON, LLC,

    *Defendant*.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), discussions were held via email by:

Poulos & Coates, LLP – Victor F. Poulos and Andrew J. Cavazos for Plaintiff

Rodey, Dickason, Sloan, Akin & Robb, PA – Tyler M. Cuff & Jeffrey R. Taylor for Defendant

## NATURE OF THE CASE

This is a case of non-payment for services rendered between TECMA Transportation Services, LLC and 200 South Pemberton, LLC.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: At this time, no amendment to the pleadings are envisioned by Plaintiff. Plaintiff however reserves the right to amend its pleadings in the event of an unexpected event.

Plaintiff should be allowed until October 31, 2022 to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file:

Defendants should be allowed until November 30, 2022 to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: None known at this time.

## PLAINTIFF'S CONTENTIONS:

Between November of 2021 and December of 2021, 200 South Pemberton, LLC contracted with TECMA Transportation Services, LLC to arrange for and provide the transportation of various shipments to be transported from Mexico to a work site in New Jersey. Between November 2021 and December of 2021, TECMA arranged for the transportation services pursuant to bill of lading contracts. TECMA invoiced PEMBERTON for its transportation services in the total amount of $111,460.00. PEMBERTON accepted each of TECMA'S invoices without objection or protest.

With respect to each of the shipments, TECMA invoiced PEMBERTON. PEMBERTON has failed to make payment, and $111,460.00 remains due, owing, and as of yet remains unpaid. The contract is to be construed according to the federal laws governing interstate transportation and the laws of the state of New Mexico. The non-prevailing party to an action relating to a breach of contract shall pay all costs, expenses, and attorney's fees.

As a result of the foregoing, Plaintiff TECMA provided transportation services to Defendant PEMBERTON as requested by Defendant. Defendant accepted the services and has benefited by Plaintiff's services. Defendant has refused to pay Plaintiff, for the services Defendant requested, received and from which Defendant benefited. Accordingly, Defendant is

liable to Plaintiff under the theories of quantum meruit and/or unjust enrichment as well as breach of contract.

Therefore, TECMA Transportation Services, LLC contends the follows:

That Judgment be entered against Defendant 200 South Pemberton, LLC and that Plaintiff TECMA Transportation Services, LLC be awarded $111,460.00 for the identified and unpaid freight charges;

That Plaintiff TECMA transportation Services, LLC have and recover its reasonable attorney's fees;

That TECMA Transportation Services, LLC be awarded pre- and post-judgment interest and costs of this suit.

**DEFENDANT'S CONTENTIONS**

Pemberton contends that in July 2021, it reached out to Tecma for a quote to deliver steel structures manufactured by ESJ in Chihuahua, Mexico, to Pemberton, New Jersey. Pemberton explained that several dozen shipments would be necessary, that time was of the essence, and that the structures needed to be delivered in the order that they were manufactured. Tecma expressed that it understood and had the capacity to timely deliver the structures in the order they were manufactured and picked up. Tecma provided a quote for a price per delivery that Pemberton accepted.

Pemberton contends that Tecma failed to timely deliver the structures, deliver them in order, or even deliver them at all. Tecma delivered the structures more than 20, 40, or even 60 days after they were manufactured and accepted for delivery. Tecma also delivered the structures out of order in which they were manufactured and picked up. In at least one instance, Tecma "lost" the structures it had picked up and failed to deliver them.

Tecma's failure to timely deliver the structures, deliver them in order, or deliver at all led to delays and resulting losses to Pemberton. The structures were necessary for a construction project, which was communicated to Tecma. Pemberton communicated to Tecma that its failure to deliver on time would result in losses, including demobilization and remobilization of a crane, completion delays, and more. In total, Pemberton's losses exceed $1 million.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

Discovery will be needed on the following subjects: *(Brief description of subjects on which discovery will be needed.)*

Maximum of **50** interrogatories by each party to any other party. (Responses due **30** days after service).

Maximum of **50** requests for admission by each party to any other party. (Response due **30** days after service).

Maximum of **50** requests for production of documents by each party to any other party. (Responses due **30** days after service).

Maximum of **10** depositions by Plaintiff and **10** by Defendant.

Each deposition (other than of expert witnesses) limited to maximum of **6** hours unless extended by agreement of parties.

All discovery commenced in time to be complete by **August 30, 2023**.

## WITNESSES

*Plaintiff's Witnesses*

1. Owner(s), representatives, employees, agents, or employers of TECMA Transportation Services, LLC necessary to proffer fact witness testimony;

2. Owner(s), representatives, employees, agents, or employers of 200 South Pemberton, LLC necessary to proffer fact witness testimony;

3. Custodians of records as necessary to establish the required foundation of billing records;

4. Competent witnesses to speak towards the reasonableness and necessity of attorney fee billing records;

5. Rebuttal and impeachment witnesses;

6. Witnesses who become known during discovery in this case, including any individuals involved in the packing, transportation, and delivery of goods;

7. Expert witnesses disclosed to proffer testimony on behalf of TECMA Transportation Services, LLC; and

8. Any additional witnesses that may be deemed necessary through discovery.

*Defendant's Witnesses*

1. Owner(s), representatives, employees, agents, or employers of TECMA Transportation Services, LLC;

2. Owner(s), representatives, employees, agents, or employers of 200 South Pemberton, LLC;

3. Custodians of records as necessary to establish the required foundation of billing records;

4. Tecma's witnesses;

5. Rebuttal and impeachment witnesses;

6. Witnesses who become known during discovery in this case, including any individuals involved in the packing, transportation, and delivery of goods;

7. Expert witnesses disclosed to proffer testimony on behalf of Pemberton; and

8. Any additional witnesses that may be deemed necessary through discovery.

Expert witness disclosures:

| | |
|---|---|
| Plaintiff's experts by | **March 31, 2023** |
| Defendant's experts by | **May 31, 2023** |
| Plaintiff's rebuttal experts | **June 30, 2023** |

## EXHIBITS

*Plaintiff's Exhibits*

1. Contract between TECMA Transportation Services, LLC and 200 South Pemberton, LLC;

2. Bill of Lading contracts;

3. Proof of delivery documentation;

4. Outstanding invoices;

5. Any Exhibit identified by Defendant and not objected by Plaintiff;

6. Any document, photograph, video, or other tangible item identified in discovery and not objected to by Plaintiff;

7. Any exhibit necessary for rebuttal or impeachment;

8. Any relevant portions of depositions not objected to by Plaintiff; and

9. Any additional exhibits that may be deemed necessary through discovery.

*Defendant's Exhibits*

1. Communications between Tecma and Pemberton;

2. Quote provided by Tecma to Pemberton;

3.   Communications between Pemberton and ESJ;

4.   Communications between Tecma and ESJ;

5.   Documents pertaining to deliveries, including documents showing when loads were picked up, crossed the United States-Mexico border, and were delivered;

6.   Any Exhibit identified by Tecma and not objected to by Pemberton;

7.   Any document, photograph, video, or other tangible item identified in discovery and not objected to by Tecma;

8.   Any exhibit necessary for rebuttal or impeachment;

9.   Any relevant portions of depositions not objected to by Tecma; and

10.   Any additional exhibits that may be deemed necessary through discovery.

## PRETRIAL MOTIONS

Plaintiff intends to file: At this time, Plaintiffs envisions a Motion for Summary Judgement and filing additional pre-trial motions, Motions *in Liminie*, objections to Defendant's proposed exhibits, designations of deposition testimony, objections to Defendant's designated deposition testimony, and other motions which may be necessary as discovery progresses. Plaintiff envisions filing motions pursuant to Fed. R. Civ. P. Rule 12 and/or Rule 56, if necessary and appropriate, and *Daubert* motions challenging portions of any Defendant's expert opinions and conclusions, if necessary and appropriate.

Defendant intends to file:

At this time, Pemberton intends to file Motion(s) for Summary Judgment or Partial Summary Judgment on discrete issues. Other pre-trial motions may be filed as necessary and appropriate.

## ESTIMATED TRIAL TIME

The parties estimate trial will require **5** days.

__X__ This is a non-jury case.

____ This is a jury case.

The parties request a pretrial conference in at the discretion of the Court.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to discovery in this matter. The parties request a settlement conference in **August of 2023**. The parties anticipate a better understanding of the possibility of settlement following the depositions of fact witnesses, and prior to expert disclosures, and agree to inform the Court if an earlier settlement conference is possible.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

*/S/ VICTOR F. POULOS*
Victor F. Poulos
Andrew J. Cavazos
Poulos & Coates, L.L.P.
1802 Avenida de Mesilla
Las Cruces, NM 88005
*Counsel for Plaintiff*

*approved via email on 09/08/2022*
Tyler M. Cuff
Jeffrey R. Taylor
Rodey, Dickason, Sloan, Akin, & Robb, PA
P.O. Box 1888
Albuquerque, NM 87103
*Counsel for 200 South Pemberton, LLC*