IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TECMA TRANSPORTATION
SERVICES, LLC,

    *Plaintiff/Counter-Defendant*,

vs.                                                                                                  No. 2:22-CV-456 GJF/KRS

200 SOUTH PEMBERTON, LLC,

    *Defendant/Counter-Plaintiff*.

### PLAINTIFF TECMA TRANSPORTATION SERVICES LLC'S RULE 12(b)(6) MOTION TO DISMISS DEFENDANT/COUNTER-CLAIMANT 200 SOUTH PEMBERTON LLC'S COUNTERCLAIMS AND BRIEF IN SUPPORT

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

PLAINTIFF TECMA TRANSPORTATION SERVICES LLC ("Plaintiff" or "TECMA") files this Motion to Dismiss Defendant's Counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff's claims for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, attorney's fees, and punitive damages are wholly preempted by the Carmack Amendment to the Interstate Commerce Act (the "Carmack Amendment"), 49 U.S.C. § 14706, *et seq*. Accordingly, Defendant's claims must be dismissed with prejudice. In support thereof, Plaintiff respectfully shows the Court the following:

### BACKGROUND

Defendant's counterclaims against Plaintiff all arise from the interstate transportation of Defendant's cargo from Chihuahua, Mexico to Pemberton, New Jersey. *See* Dkt. 7 (Defendant/Counterclaimant's Amended Answer and Counter Claim) at 4, ¶4. Specifically, Defendant alleges that it contracted with Plaintiff's "to deliver steel structures from Chihuahua, Mexico to Pemberton, New Jersey… to be used in construction of a commercial building." Dkt.

7 at 4-5, ¶¶4-6. Defendant's further allege that the shipments of steel structures were allegedly "lost" and/or "delayed" by an "unreasonable" amount of time during the course of interstate transportation. *See* Dkt. 7 at 47, ¶¶4-29. As a result of these lost and/or delayed shipments, Defendant seeks damages, to include attorney's fees and punitive damages. Dkt. 7 at 7, ¶29 & at 9. To recover damages related to these allegedly lost and/or delayed interstate shipments, Defendant asserts various state and common law claims against Plaintiffs, including breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, attorney's fees, and punitive damages. *See* Dkt. 7 at 7-9.

## SUMMARY OF ARGUMENT

Defendant's counterclaims for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, and corresponding request for attorney's fees and punitive damages, are completely preempted by the Carmack Amendment. The Carmack Amendment is a comprehensive regulatory act setting forth the basis for a motor carrier's liability for loss, delay, and/or damage to goods occurring as a result of a motor carrier's alleged failure to discharge its duty with respect to any part of the transportation. *New York, P. & N. R. Co. v. Peninsula Produce Exch. of Maryland*, 240 U.S. 34, 38 (1916); *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 2008 U.S. App. LEXIS 19350 (9th Cir. 2008). For over one-hundred years, the United States Supreme Court has interpreted the Carmack Amendment as preempting state law claims arising in the whole "subject of interstate shipments." *Atchison, T. & S.F. Ry. Co. v. Harold*, 241 U.S. 371, 377-78 (1916). In actions seeking damages for loss, delay, or damage to property shipped in interstate commerce under a receipt or bill of lading, the Carmack Amendment is the shipper's sole remedy. *See Hoskins v. Bekins Van Lines, LLC*, 343 F.3d 769, 778 (5th Cir. 2003); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688-698 (9th

Cir. 2007). Therefore, because Defendant asserts counterclaims and corresponding damages wholly related to the interstate shipment of goods by Plaintiff, it's counterclaims for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, and claims for attorney's fees and punitive damages, are wholly preempted by the Carmack Amendment and must be dismissed with prejudice.

## LEGAL STANDARD

Under Rule 12(b)(6), the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the [party asserting the claims].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). A plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The claims must be factually suggestive to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id.* at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted).

## ARGUMENT AND AUTHORITIES

**A.     Defendant's state and common law counterclaims for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, attorney's fees, and punitive damages are wholly preempted by the Carmack Amendment.**

Defendant's state and common law claims against Plaintiff are wholly preempted by the Carmack Amendment, and those claims should be dismissed with prejudice. In 1906, Congress enacted the Carmack Amendment to create a national policy regarding an interstate carrier's liability for delay, loss, or damage. *New York, New Haven & Hartford Railroad Co. v. Nothnagle*, 346 U.S. 128, 131 (1953). The liability of motor carriers regulated by the Surface Transportation Board for delay, loss, and damage arising from an interstate shipment is exclusively governed by the Carmack Amendment. 49 U.S.C. § 14706, *et seq.*; *Hoskins*, 343 F.3d at 778. Under the Carmack Amendment, a shipper may only recover for the actual economic loss or damage to property caused by an interstate carrier. 49 U.S.C. § 14706. The Carmack Amendment provides, in relevant part, as follows:

> (1) Motor Carriers and Freight Forwarders. – A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or 105 are liable to the person entitled to recover under the receipt or bill of lading.

49 U.S.C. § 14706(a)(1) (emphasis added).

Since its enactment, Carmack has been consistently held to have fully occupied the field of interstate carrier liability for delay, loss, or damage to goods: "Almost *every detail* of the subject [of a carrier's liability for the interstate shipment of goods] is covered so completely that there could be no rational doubt that Congress intended to take possession of this subject, and supersede all state regulation with reference to it …" *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-6 (1913). Indeed, the Supreme Court of the United States has repeatedly held state and

common laws wholly preempted by the Carmack Amendment:

> [I]t is not disputable that what is known as the Carmack Amendment to the act to regulate commerce… was an assertion of the power of Congress over the subject of interstate shipments, the duty to issue bills of lading, and the responsibilities thereunder, which, in the nature of things, excluded state action.

*Atchison, T. & S.F. Ry. Co. v. Harold*, 241 U.S. 371, 377-78 (1916). Relying on the reasoning of *Adams Express Co.* and *Atchison*, then the whole "subject of interstate shipments" is regulated by Congress. *Id*. The liability of a motor carrier who provides interstate transportation or other service is governed exclusively by the Carmack Amendment.

Congress's intent in enacting the Carmack Amendment was to ensure the uniform application of liability of motor carriers traveling between states, and is further recognized by the 10th Circuit, who has held that the statute "***does not create*** a cause of action independent of a bill of lading when a bill of lading exists." *Flying Phx. Corp. v. Creative Packaging Mach., Inc.*, 681 F.3d 1198, 1200 (10th Cir. 2012) (upholding the Carmack Amendment's preemption of state law claims against a motor carrier engaged in interstate transport) [emphasis added]. As a New Mexico Federal District Court expounded, independent causes of action are almost wholly extinguished by the Carmack Amendment:

> Under the doctrine of complete preemption, a few extraordinary statutes so completely preempt state common-law claims that they become federal claims…The Carmack amendment is such a law, creating a federal statutory remedy which displaces the previous mix of federal and state common-law and disparate state statutory actions…

*Rehburg v. Bob Hubbard Horse Transp., Inc.*, No. 1:18-cv-00531-MV-JHR, 2019 U.S. Dist. LEXIS 54410, at *4-5 (D.N.M. Mar. 28, 2019) [internal citations omitted]. The Ninth Circuit further explained the exclusive nature of federal preemption for actions related to delay, loss, or damage to goods in interstate transportation, holding that "It is well settled that the Carmack

Amendment constitutes ***a complete defense to common law claims alleging all manner of harms***…[and] is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688-698 (9th Cir. 2007) (upholding the district court's dismissal of common law contract and tort claims) [emphasis added]. This includes preemption of claims for attorney's fees and punitive damages. *The Limited, Inc. v. PDQ Transit, Inc.*, 160 F. Supp. 2d 842, 2001 U.S. Dist. LEXIS 21969 (S.D. Ohio 2001) (holding that shipper's claim for punitive damages would be stricken, because punitive damages are inconsistent with Carmack Amendment); *Yakubu v. Atlas Van Lines*, 351 F. Supp. 2d 482, 2004 U.S. Dist. LEXIS 27018 (W.D. Va. 2004) (shippers were not entitled to attorney fees because they were not recoverable under Carmack Amendment). Other tenth circuit federal district courts have recognized the broad preemption of the Carmack Amendment and have rejected similar attempts by shippers to sidestep Carmack preemption by asserting state statutory and common law causes of action. *Smith v. Fed. Ex*, No. CIV-22-440-D, 2022 U.S. Dist. LEXIS 127652, at *8 n.5 (W.D. Okla. July 19, 2022) ("to the extent Plaintiff intended to assert claims against FedEx for breach of contract or negligence based on FedEx's failure to deliver packages, those claims would be preempted by the Carmack Amendment"). Similarly, every circuit in the country has come to the same conclusion.[1] Thus, based on the great weight of nationwide authority, any relief sought by Defendant in its counterclaims against Plaintiff under causes of action other than a single claim

---

[1] *See, inter alia, Air Prods. and Chem., Inc. v. Ill. Cent. Gulf R.R. Co*., 721 F.2d 483, 486 (5th Cir. 1983); *Intech v. Consd. Freightways*, 836 F.2d 672, 677 (1st Cir. 1987); *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 377 (2d Cir. 1994); *Shao v. Link Cargo (Taiwan) Ltd*., 986 F.2d 700, 706-7 (4th Cir. 1993); *Baker Perkins, Inc. v. Midland Moving & Storage Co*., 920 F.2d 1301, 1306 (6th Cir. 1990); *Gordon v. United Van Lines, Inc*., 130 F.3d 282, 284 (7th Cir. 1997); *Underwriters at Lloyds of London v. D Lux Van Lines*, 890 F.2d 1112, 1120 (10th Cir. 1989) (en banc) ("Because of the extensive history of Supreme Court interpretation of the Carmack Amendment it is hardly surprising that every circuit which has considered the matter… has either held or indicated it would hold that the Carmack Amendment preempts state common law remedies against a carrier...").

arising under the Carmack Amendment for actual loss or damage to is completely preempted by the Carmack Amendment and should be dismissed with prejudice.

### i. Defendant's state-law counterclaim for breach of contract is completely preempted by the Carmack Amendment.

The Carmack Amendment generally preempts state-law claims arising out of the shipment of goods by interstate carriers. *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc*., 738 F.3d 703, 706 (5th Cir. 2013) (citing *Accura Sys., Inc. v. Watkins Motor Lines, Inc*., 98 F.3d 874, 876 (5th Cir. 1996)); *Moffit v. Bekins Van Lines Co*., 6 F.3d 305, 307 (5th Cir. 1993). The preemptive scope of the Carmack Amendment is "sweeping." *Tran Enters., LLC v. DHL Express (USA), Inc*., 627 F.3d 1004, 1008 (5th Cir. 2010) (citation omitted). As demonstrated above, courts have rejected nearly all state-law claims related to goods that have been delayed, lost, or damaged in interstate shipping as preempted, to include breach of contract claims. *See, e.g., Moffit*, 6 F.3d at 306-07 (finding claims for the tort of outrage, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, breach of implied warranty, breach of express warranty, violation of the Deceptive Trade Practices Act, slander, misrepresentation, fraud, negligence, gross negligence, and violation of common carrier duties under state law were preempted by the Carmack Amendment).

Here, in support of its breach-of-contract counterclaim, Defendant alleges that, "Pemberton and Tecma contracted for the shipment and delivery of steel structures from Chihuahua, Mexico, to Pemberton, New Jersey," pursuant to which, "Tecma breached contracts with Pemberton." Dkt. 7 at 7, ¶¶32-36. Defendant further alleges that "Pemberton has been damaged by Tecma's breach [of contract]." *Id*. Clearly, Defendant's breach-of-contract claim arises directly out of the interstate shipment of goods by Plaintiff from Mexico to New Jersey, and its claimed damages stem solely from the alleged delay, loss, or damage to said shipments

in the course of interstate shipment. Therefore, Defendant's breach-of-contract counterclaim is preempted by the Carmack Amendment, and this Court should dismiss, with prejudice, Defendant's state-law counterclaim for breach of contract.

### ii. Defendant's common law counterclaims for promissory estoppel and breach of good faith and fair dealing are completely preempted by the Carmack Amendment.

Further, all other pleaded state-law counterclaims related to goods that have been delayed, lost or damaged in interstate shipping, specifically promissory estoppel (which are pleaded on grounds of fraud) and breach of good faith and fair dealing, are similarly preempted by the Carmack Amendment. *Miracle of Life, LLC v. N. Am. Van Lines, Inc.,* 368 F. Supp. 2d 494, 2005 A.M.C. 1704, 2005 U.S. Dist. LEXIS 8226 (D.S.C. 2005) (holding that Carmack Amendment preempted all of state law contract and tort claims, to include breach of contract and promissory estoppel, because all of claims arose out of, or were based upon, bill of lading that was issued for shipment); Spray-Tek, Inc. v. Robbins Motor Transp., Inc., 426 F. Supp. 2d 875, 2006 U.S. Dist. LEXIS 17879 (W.D. Wis. 2006) (holding that carrier was entitled to summary judgment finding that promissory estoppel claim brought by shipper was preempted by Carmack Amendment); *e.g., Moffit*, 6 F.3d at 306-07 (finding claims for the violation of common carrier duties under state law were preempted by the Carmack Amendment).

In support of Defendant's counterclaims for promissory estoppel and breach of good faith and fair dealing, Defendant generally alleges that Plaintiffs "promised Pemberton that it would timely deliver steel structures, deliver steel structures in the order they were manufactured…, and had the capability and capacity to do so," to which "Pemberton relied on Tecma's promises", and "Tecma knew or should have known that Pemberton would contract with Tecma rather than others for shipment of the steel structures..." Dkt. 7 at 7, ¶¶38-45. As a result of these alleged breaches, Defendant alleges they were "damaged due to contracting with

Tecma rather than others" for the interstate shipment of goods from Mexico to New Jersey. *Id*. Specifically, Defendant alleges that the "significant delay" in delivery resulted in "substantial losses." *Id*. at ¶¶28-29. Again, Defendant's counterclaims for promissory estoppel and breach of good faith and fair dealing clearly stem from the interstate transportation of and alleged delay, loss, or damage to shipments from Mexico to New Jersey. Dkt. 7 at 7, ¶¶38-45. Further, the claimed damages all relate to the alleged delay, loss, or damage to the shipments from Mexico to New Jersey. *Id*. at ¶¶28-29. Accordingly, these state law couunterclaims are completely preempted by the Carmack Amendment and should be dismissed with prejudice.

### iii. Defendant's claim for attorney's fees is also preempted by the Carmack Amendment.

Defendant also seeks to recover attorney's fees under its New Mexico state law claims. *See* Doc. 7 at 9 (seeking attorney's fees). However, attorney's fees are not recoverable in a Carmack Amendment action. As the court expressed in *University Chill*, "[t]here is no provision in the Carmack Amendment which authorizes an award of attorney's fees and the Carmack Amendment preempts any state law basis for the recovery of attorney's fees." *Univ. Chill LLC v. Saia Motor Freight Line, LLC*, No. SA-14-CA-902-FB, 2014 WL 12589581, at *2 (W.D. Tex. Nov. 14, 2014); *see also Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 876 (5th Cir. 1996); *Strickland Transp. Co. v. Am. Distributing Co*., 198 F.2d 546, 547 (5th Cir. 1952); *Knight Transp., Inc. v. Westinghouse Digital Electronics, LLC*, No. 3:07-cv-1210-D, 2008 WL 194739, at *1 (N.D. Tex. Mar. 5, 2008); *Yakubu v. Atlas Van Lines*, 351 F. Supp. 2d 482, 2004 U.S. Dist. LEXIS 27018 (W.D. Va. 2004); *Polygram Group Distrib. v. Transus, Inc.*, 990 F. Supp. 1454, 1997 U.S. Dist. LEXIS 21220 (N.D. Ga. 1997); *Royal Air,Inc. v. AAA Cooper Transp., Inc.*, 395 F. Supp. 2d 436, 2005 U.S. Dist. LEXIS 14880 (W.D. La. 2005).. Therefore, because Defendant is limited to a single cause of action pursuant to the Carmack

Amendment, Defendant's claim for the recovery of attorney's fees should likewise be dismissed with prejudice.

### iv. Defendant's claim for punitive damages is also preempted by the Carmack Amendment.

Defendant further seeks to recover punitive damages under state law. *See* Doc. 7 at 9 (seeking punitive damages). However, punitive damages have consistently been held to be inconsistent with the Carmack Amendment, and thus not recoverable. *The Limited, Inc. v. PDQ Transit, Inc.*, 160 F. Supp. 2d 842, 2001 U.S. Dist. LEXIS 21969 (S.D. Ohio 2001) (shipper's claim for punitive damages was stricken due to being inconsistent with Carmack Amendment); *The Limited, Inc. v. PDQ Transit, Inc.*, 160 F. Supp. 2d 842, 2001 U.S. Dist. LEXIS 21969 (S.D. Ohio 2001); *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377 (5th Cir. 1998); *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 285 (7th Cir. 1997); *Cleveland v. Beltman North American Co. Inc.*, 30 F.3d 373 (2d Cir. 1994); *Pro-Pack, Inc. v. Hub Group, Inc.*, 1995 U.S. Dist. LEXIS 12265, 1995 W.L. 505934 (N.D. Ill. 1995). Therefore, because Defendant is limited to a single cause of action pursuant to the Carmack Amendment, Defendant's claim for the recovery of punitive should likewise be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its Motion to Dismiss for failure to state a claim upon which relief can be granted and dismiss each of Defendant's state and common law claims, including Defendant's claims for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, attorney's fees, and punitive damages, in their entirety and with prejudice, and grant all other relief to which Plaintiff shows itself to be justly entitled.

-------------------------------- *signature line on next page* -------------------------

Respectfully Submitted:

/s/ Vic Poulos

By: _____

**VICTOR F. POULOS**
State Bar No.: 3928
**ANDREW J. CAVAZOS**
State Bar No.: 150020

**POULOS & COATES, L.L.P.**
1802 Avenida de Mesilla
Las Cruces, NM 88005
PH: (575) 523-4444
FAX: (575) 523-4440
EMAIL:
victor@pouloscoates.com
andrew@pouloscoates.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically, which caused all parties or their counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing on this Wednesday, October, ___12th___, 2022.

/s/ Vic Poulos

**VICTOR. F. POULOS**