IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TECMA TRANSPORTATION
SERVICES, LLC,

      Plaintiff/Counter-Defendant,

      vs.                                                                                   Case No. 2:22-cv-00456-JCH-KRS

200 SOUTH PEMBERTON, LLC,

      Defendant/Counter-Claimant.

**<u>DEFENDANT/COUNTERCLAIMANT 200 SOUTH PEMBERTON, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT TECMA TRANSPORTATION SERVICES, LLC'S MOTION TO DISMISS</u>**

COMES NOW Defendant and Counter-Claimant 200 South Pemberton, LLC (hereinafter "Defendant" or "Pemberton") by and through its attorneys, Rodey, Dickason, Sloan, Akin & Robb, PA (Tyler M. Cuff and Jeffrey R. Taylor) and for its Answer to Plaintiff/Counter-Defendant Tecma Transportation Services, LLC's ("Tecma") Motion to Dismiss Defendant/Counter-Claimant 200 South Pemberton LLC's Counterclaims and Brief in Support states as follows:[1]

Pemberton's counterclaims arise from Tecma's representations, made prior to ever entering into a contract through a bill of lading, that it could and would deliver loads in order and on time. Tecma then failed to do so, and when called out, doubled down and intentionally held loads hostage unless Pemberton met its demands. Tecma now claims that the Carmack Amendment protects it from liability beyond damages to the loads it untimely or otherwise refused to deliver.

Tecma's Motion fails for three reasons. First, it is too late: Tecma failed to timely answer or otherwise respond to Pemberton's counterclaims within the deadlines provided by the Federal

---

[1] Note that Tecma failed to comply with D.N.M.LR-Civ. 7.1(a). There is no exception in the Local Rules for motions under Rule 12(b)(6). The Motion may be summarily denied for this failure alone.

3901978.1

Rules of Civil Procedure. Tecma has therefore waived its preemption defense, as well as any other affirmative defenses. Second, Pemberton's claims are not preempted by the Carmack Amendment as Pemberton's claims are separate and distinct from claims for damage or loss to shipped goods arising out of a bill of lading. The Carmack Amendment does not condone Tecma's misrepresentations, breaches of contract, and other bad faith conduct simply because it is in the business of interstate shipments. Finally, the Motion quietly concedes that Pemberton stated a claim for delayed shipment under the Carmack Amendment and stated a claim for consequential damages. Thus, even if the Court disagrees that the claims are not preempted (and Pemberton is not allowed leave to amend), Pemberton has stated claims for which relief may be granted. The Motion must therefore be denied.

## 12(b)(6) MOTIONS ARE CONSIDERED IN FAVOR OF THE NON-MOVANT

A motion to dismiss pursuant to Rule 12(b)(6) challenges the complaint on the basis that it fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In considering a motion to dismiss, "all facts alleged in the complaint are taken as true and all reasonable inferences are indulged in favor of the" complainant. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Although courts are not required to draw "argumentative inferences" in favor of claimants, they should construe complaints "liberally" and "generously." *Yamaha Motor Corp., U.S.A. v. U.S.*, 779 F.Supp. 610, 611 (D. D.C. 1991); *see Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989). "A Rule 12(b)(6) motion to dismiss may be granted only

if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). These standards apply to motions to dismiss counterclaims as well. *See Milton Roy Co. v. Bausch & Lomb Inc.*, 418 F.Supp. 975, 978 (D. De. 1976) (citing *Moore's*).

Ultimately, courts should grant leave to amend, rather than dismiss a claim, if potential defects in a complaint may be remedied. *See, e.g., Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 256 n.14 (3d Cir. 2010) ("[I]f a complaint is vulnerable to Rule 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile. That rule applies even if the plaintiff does not seek leave to amend.") (internal quotation marks & citations omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[W]e have repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.") (internal quotation marks omitted).

## **TECMA'S MOTION FAILS FOR THREE REASONS**

The Motion must be denied for three reasons. First, Tecma waived its preemption defense by failing to timely answer or otherwise respond to Pemberton's counterclaims. Second, Pemberton's state law claims are not preempted by the Carmack Amendment as they do not arise from loss or damage to the goods shipped in interstate commerce. Finally, the Motion notably does not argue for dismissal of Pemberton's claim arising from delayed shipment and for consequential damages. Even if Pemberton is not allowed to amend and re-plead its claims, it has a viable claim under the Carmack Amendment for delayed shipment and consequential damages.

1. **Tecma Waived Its Preemption Defense by Failing to Timely Answer or Respond**

The Federal Rules of Civil Procedure require parties to "affirmatively state any avoidance or affirmative defense" in a responsive pleading. Fed. R. Civ. P. 8(c). Further, "[e]very defense

3

to a claim for relief in any pleading must be asserted in the responsive pleading if one is allowed." Fed. R. Civ. P. 12(b). "Failure to plead an affirmative defense results in a waiver of that defense." *Bentley v. Cleveland Cty. Bd. Of Cty. Com'rs*, 41 F.3d 600, 604 (10th Cir. 1994). Federal preemption in particular is an affirmative defense that must be pled (and proven) or else it is waived. *Underwriters at Interest v. All Logistics Group, Inc.*, 483 F.Supp.3d 1199, 1205 n.6 (S.D. Fla. 2020) (finding that Carmack Amendment did not apply after defendant did not plead or argue it).

A party may assert failure to state a claim upon which relief can be granted as a defense by motion. *Id*. However, such motion "must be made before a pleading if a responsive pleading is allowed." *Id*. The deadline to respond to a counterclaim is 21 days under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(a)(1)(B).

In this case, Pemberton asserted its counterclaims on August 26, 2022. *See* (Doc. 7), filed August 26, 2022. Under Fed. R. Civ. P. 12, Tecma's answer or other response was due Friday, September 16, 2022. Tecma did not answer or otherwise respond by that date, did not ask for an extension, and has offered no explanation for its failures to do so. Instead, Tecma filed the Motion on October 12, 2022, nearly four weeks late.

In these circumstances, Tecma has waived its affirmative defenses, including preemption. Tecma offers no reason or explanation why it failed to timely answer or otherwise respond. Notably, the Motion would have been late under analogous state rules of procedure, so Tecma cannot plausibly claim that it failed to timely raise the defense due to a simple mix up on which rules applied. *See* Rule 1-012(A) NMRA (providing that an answer to a counterclaim is due within 30 days).

Note as well that the Federal Rules of Civil Procedure explicitly require a motion to extend Tecma's time to respond because the deadline to do so has expired. Fed. R. Civ. P.

4

6(b)(1)(B). Tecma has not done so, and it would be an abuse of discretion to grant an extension of time without a motion. *See U.S. v. Springer*, 447 Fed. Appx. 877, 879 (10th Cir. 2011). Further, Tecma must show excusable neglect for its failure to answer or respond in time. *Id*. "Ignorance of when a time period expires does not qualify as excusable neglect, nor does a busy schedule, lack of diligence, inadvertence, or other manifestations of carelessness and laxity." 1 Moore's Federal Practice, § 6.06[3][c], at 6-53 to -54 (3d ed. 2022). Tecma did not address these requirements in its Motion at all; therefore Pemberton reserves the right to file a surreply addressing any new arguments Tecma makes in a reply, though again, they would properly be made in a separate motion.

### 2. Pemberton's State Law Claims are Not Preempted by the Carmack Amendment

The Carmack Amendment preempts state law claims related to loss or damage to goods arising from bills of lading. Courts have held that the Amendment precludes duplicative state common law claims for the loss and damage of goods. *See Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112 (10th Cir. 1989) (holding that "state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading" are preempted); *Margetson v. United Van Lines, Inc.*, 785 F.Supp. 917 (D.N.M. 1991) (finding state claims for damage to shipped goods preempted). Courts have also precluded application of state statutes that "substantively enlarge the responsibility of the carrier." *Security USA Services, Inc. v. UPS, Inc.*, 371 F.Supp. 966, 972 (D.N.M 2019) (quoting *A.T. Clayton & Co., Inc. v. Missouri-Kanasas-Texas R. Co.*, 901 F.2d 833, 835 (10th Cir. 1990)).

The Carmack Amendment does not preempt claims "based on conduct separate and distinct from the delivery, loss of, or damage to goods." *Smith v. United Parcel Service*, 296 F.3d 1244, (11th Cir. 2002). Accordingly, the Seventh Circuit Court of Appeals held that the Carmack Amendment did not preempt a claim based on the carrier's conduct in an "acrimonious attempt

to settle" a claim for lost loads. *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 505-06 (1st Cir. 1997) (holding that a plaintiff's intentional infliction of emotional distress claim would not have been preempted); *see Rini v. United Van Lines, Inc.*, 903 F.Supp. 224, 226-30 (D. Mass 1995) (describing facts). The distinction is whether the claimed loss is based solely on the mishandled shipment itself or other conducts or statements. *Compare Rini*, 104 F.3d at 505-06; *with Smith*, 296 F.3d at 1249 (finding state law claim of "outrage" was based "solely from the loss of and misdelivery of goods").

Pemberton's state law claims here do not arise from the contracts formed by the bills of lading and do not arise solely from Tecma's misdeliveries. Rather, Pemberton's claims arise from Tecma's representations prior to any bill of lading being issued and in Tecma's conduct once notified that loads were late. Accordingly, like the plaintiff in *Rini*, Pemberton's claims based on other statements and conduct are not preempted.

Similarly, Pemberton's claims do not substantively enlarge Tecma's responsibility for misdelivered loads. Rather than try to duplicate a Carmack Amendment claim, Pemberton has not brought alternative state law claims for late deliveries, but for Tecma's other statements and conduct. Pemberton's state law claims do not seek recovery for late loads, but for Tecma's promises made prior to any bill of lading and Tecma's conduct after it had not delivered loads.

Tecma would have the Court rule that the Carmack Amendment preempts any and all claims against it if they are at all related to interstate shipments. The Carmack Amendment is not so broad, and for good reason. Otherwise, a carrier could—with a wink and a nod and its fingers crossed behind its back—intentionally contract to perform duties in addition to or above what is outlined in a bill of lading and then intentionally refuse to perform that contract. The Carmack Amendment cannot be read to condone such conduct. The bargain struck by the Amendment was to provide shippers and carriers with certainty, not to provide carriers carte blanche and insulate

6

them from all liability whatsoever. Accordingly, Pemberton's claims against Tecma are not preempted, and Tecma's Motion should be denied.

### 3. Pemberton has Stated a Claim Under the Carmack Amendment

Finally, the Motion must be denied because Pemberton has stated claims for delayed shipment and consequential damages. The Carmack Amendment encompasses claims arising from untimely shipments, and courts agree that special damages are available under the same circumstances as other breach of contract cases. The Motion conspicuously omits argument related to these claims.

The Carmack Amendment does not explicitly discuss liability for delayed shipment—only lost or damaged shipments. However, the Supreme Court of the United States has long held that timeliness is an integral part of shipment itself. *See N.Y., Philadelphia. & Norfolk R.R. Co. v. Peninsula Produce Exchange*, 240 U.S. 34, 38-39 (1916) (stating "the duty to transport with reasonable despatch [sic] is none the less an integral part of the normal undertaking of the carrier"). Accordingly, claims for delayed shipment are included rather than precluded by the statute. *See Condakes v. S. Pac. Co.*, 295 F. Supp. 121, 123-24 (D. Mass. 1968) (citing *id.*).

Similarly, the Carmack Amendment does not explicitly provide that consequential or special damages are available. However, courts agree that they can be available as in breach of contract claims. *See Reed v. Aaacon Auto Transport, Inc.*, 637 F.2d 1302, 1305-06 (10th Cir. 1981) (collecting cases), *overruled on other grounds by Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112 (10th Cir. 1989); *see also Union Pacific R. Co. v. Beemac Trucking, LLC*, 929 F.Supp.2d 904, 917-918 (D. Neb. 2013); *Starmakers Pub. Corp. v. Acme Fast Freight, Inc.*, 646 F.Supp. 780, 782-83 (S.D. N.Y. 1986). That is, consequential damages are available if they were reasonably foreseeable, in particular if the breaching party

had notice of special circumstances or knowledge that its breach would cause further harm. *See Beemac*, 929 F.Supp.2d at 917; *Starmakers*, 646 F.Supp. at 782.

In this case, Pemberton's breach of contract claim includes that Tecma failed to timely deliver shipments. *See* Doc. 7 at . As the Supreme Court held more than one-hundred years ago, on time delivery is part and parcel of interstate shipment, and therefore the Carmack Amendment includes such claims. Notwithstanding Pemberton's other contract claims, it has stated a claim that Tecma failed to timely deliver goods.

Pemberton has also pled a claim for consequential damages. Pemberton notes that at the outset it explained the importance of on time delivery and delivery in the order the loads were manufactured. Not only did Tecma fail to deliver either on time or in order, it deliberately refused to deliver remaining loads when Pemberton explicitly alerted Tecma that it would incur costs if Tecma failed to perform. Pemberton has therefore also stated a claim for consequential damages.

The Motion tellingly does not argue that Pemberton failed to state a claim for delayed shipment and consequential damages under the Carmack Amendment. Although the Motion explicitly argues that state-law contract claims, good faith and fair dealing claims, and claims for punitive and attorneys' fees are all barred, the Motion says nothing about an actual Carmack Amendment claim or consequential damages. The Motion may implicitly concede the point, but it should be explicitly clear that Pemberton has stated claims that on which it may be entitled to relief. If Tecma argues for the first time in its reply that Pemberton has failed to state these claims, Pemberton reserves the right to file a surreply addressing any new arguments.

## **CONCLUSION**

For the foregoing reasons, the Motion must be denied. First, Tecma waived its preemption defense by failing to timely respond, an error it has compounded by failing to move

to file a response late and by failing to establish excusable neglect. Second, Pemberton has stated claims outside of the Carmack Amendment's ambit because they rely on Tecma's statements and conduct outside of the bills of lading themselves. Finally, to the extent the Motion moves for dismissal of all claims against it, it must fail because Pemberton has stated a claim under the Carmack Amendment for delayed shipments and resulting consequential damages. Should the Court find a deficiency in the pleading, Pemberton requests leave to amend its Counterclaim to conform to the Court's ruling.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By   */s/ Jeffrey R. Taylor*
      Tyler M. Cuff
      Jeffrey R. Taylor
P.O. Box 1888
Albuquerque, NM 87103
(505) 765-5900
tcuff@rodey.com; rtaylor@rodey.com
*Attorneys for Defendant 200 South Pemberton LLC*

CERTIFICATE OF SERVICE

    I hereby certify that on October 26, 2022, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

By:   */s/ Jeffrey R. Taylor*
      Jeffrey R. Taylor