IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TECMA TRANSPORTATION
SERVICES, LLC,

     *Plaintiff/Counter-Defendant*,

vs.         No. 2:22-CV-456 MV/KRS

200 SOUTH PEMBERTON, LLC,

     *Defendant/Counter-Plaintiff*.

**PLAINTIFF/COUNTER-DEFENDANT TECMA TRANSPORTATION SERVICES LLC'S REPLY TO DEFENDANT/COUNTER-CLAIMANT'S RESPONSE TO PLAINTIFF'S RULE 12(B)(6) MOTION TO DISMISS DEFENDANT/ COUNTER-CLAIMANT 200 SOUTH PEMBERTON LLC'S COUNTERCLAIMS AND BRIEF IN SUPPORT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

PLAINTIFF TECMA TRANSPORTATION SERVICES LLC ("TECMA") files this Reply Brief to its Motion to Dismiss Defendant's Counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Counter-Plaintiff's claims for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, attorney's fees, and punitive damages are wholly preempted by the Carmack Amendment to the Interstate Commerce Act (the "Carmack Amendment"), 49 U.S.C. § 14706, *et seq*., and must be dismissed. In support of this argument, TECMA would respectfully show the Court the following:

### I. ARGUMENT & AUTHORITIES

**A.    Regardless of whether the Carmack Amendment was specifically pleaded as an affirmative defense, Counter-Plaintiff's claims must nonetheless be dismissed pursuant to Rule 12(b)(6).**

In its Response, Counter-Plaintiff 200 South Pemberton, LLC ("Pemberton") first argues that the preemptive provisions of the Carmack Amendment are waived because the matter was

not specifically pleaded as an affirmative defense. *See* Pemberton's Response at 4-5. Indeed, TECMA admittedly failed to specifically plead the Carmack Amendment as an affirmative defense. However, the mere fact that the Carmack Amendment was not pleaded does *not* automatically equate to a waiver of the defense. Rather, as New Mexico has long held, a claim of federal preemption (like any other affirmative defense) is valid if pleaded "***or otherwise properly raised***" before the conclusion of trial. *Gonzales v. Surgidev Corp.*, 1995-NMSC-036, ¶ 17, 120 N.M. 133, 899 P.2d 576 ("holding that because the Defendant may assert federal preemption by properly raising the issue before trial"); *Xorbox v. Naturita Supply Co.*, 1984-NMSC-062, ¶ 10, 101 N.M. 337, 681 P.2d 1114 (holding that it is incumbent upon a Defendant to raise an affirmative defense "at the time it received the New Mexico pleadings ***or at any point prior to the entry of the…judgment***.").

In line with New Mexico's long-standing authority, the 10th Circuit similarly holds that an affirmative defense is not waived if "***otherwise raised***" before the conclusion of trial. *State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co.*, 518 F.2d 292, (10th Cir.1975); *Radio Corp. of America v. Radio Station KYFM, Inc.*, 424 F.2d 14 (10th Cir.1970).[1] When considering whether an affirmative defense has been "otherwise raised," the 10th Circuit consistently holds that affirmative defenses raised in a Rule 12(b)(6) motion to dismiss meets such a standard, regardless of whether the matter was pleaded. *State Farm Mut. Auto. Ins. Co.*, 518 F.2d at 296 (noting that affirmative defenses are only waived "[i]f such defenses are not affirmatively pleaded, ***asserted with a motion under Rule 12(b)*** or tried by the express or

---

[1] Similarly, the sole piece of federal authority Pemberton cites in support of its waiver argument, *Underwriters at Interest v. All Logistics Grp., Inc.*, holds that federal preemption is not waived if the defense is otherwise raised before final judgment. 483 F. Supp. 3d 1199, 1205 n.5 (S.D. Fla. 2020) (noting that the Defendant was required to either "plead []***or argue that the Carmack Amendment preempts Plaintiffs state law claims***" in order to preserve its defense).

**PLAINTIFF/COUNTER-DEFENDANT TECMA TRANSPORTATION SERVICES LLC'S REPLY TO DEFENDANT/ COUNTER-CLAIMANT'S RESPONSE TO PLAINTIFF'S RULE 12(B)(6) MOTION TO DISMISS DEFENDANT/ COUNTER-CLAIMANT 200 SOUTH PEMBERTON LLC'S COUNTERCLAIMS AND BRIEF IN SUPPORT - PAGE 2 OF 11**

implied consent of the parties…"); *Radio Corp. of Am.*, 424 F.2d at 17 (10th Cir. 1970) (holding that affirmative defenses that are "asserted with a motion under Rule 12(b)" are properly preserved).

In the instant case, it is clear that the preemptive provisions of the Carmack Amendment were not waived due to the statute's omission from applicable pleadings. *State Farm Mut. Auto. Ins. Co.*, 518 F.2d at 296; *Radio Corp. of Am.*, 424 F.2d at 1. Rather, as long held by the 10th Circuit, regardless of whether the matter was pleaded, the issue of preemption is "otherwise raised" by and through a Rule 12(b)(6) motion to dismiss. *Id*. As a result, because TECMA filed the instant Motion pursuant to Rule 12(b)(6), the matter of federal preemption has been properly raised, and as demonstrated throughout TECMA's original Motion to Dismiss and this Reply Brief, Pemberton's claims for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, attorney's fees, and punitive damages are wholly preempted by Carmack, and as a result, require dismissal. *Id*.; *see also* 49 U.S.C. § 14706, *et seq*.; *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688-698 (9th Cir. 2007) (holding that "[i]t is well settled that the Carmack Amendment constitutes ***a complete defense to common law claims alleging all manner of harms***…[and] is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property."). Thus, regardless of whether the matter was pleaded as an affirmative defense, TECMA's Motion must nonetheless be granted.

**B.**     **Despite Pemberton's claims otherwise, its counterclaims clearly relate to the loss or damage of goods during interstate transportation, and thus are preempted by the Carmack Amendment.**

In its next attempt to forgo the congressional intent of Carmack, Pemberton vaguely argues that its state and common law claims are "based on other statements and conduct [that] are not preempted," and thus fall outside the scope of Carmack. *See* Pemberton's Response at 5-

7. In support of this argument, Pemberton cites to *Rini v. United Van Lines, Inc.*, wherein the 1st Circuit held that a claim for intentional infliction of emotional distress – pleaded under the right circumstances – might fall outside the scope of Carmack. 104 F.3d 502, 506 (1st Cir. 1997). In *Rini*, the plaintiff filed suit against United Van Lines ("United") in relation to the movement of household items from South Carolina to Massachusetts. *Rini*, 104 F.3d at 503. After a portion of the plaintiff's belongings were lost, and an insurance claim filed with United was unsuccessful, the plaintiff filed suit asserting state law claims of negligence, negligent misrepresentation, deceptive trade practices, and intentional infliction of emotional distress, and a federal Carmack claim. *Id*. United sought to dismiss all state and common law claims on grounds of preemption, which the trial court ultimately denied. A jury ultimately awarded damages for both the state law claims and the Carmack claim. *Id*. In analyzing the trial court's denial of preemption, the Court in *Rini* reasoned that preemption can only be avoided in circumstances where the state law claim, (1) does not *in any way* enlarge the responsibility of the carrier for the alleged loss, or at all affect the ground or measure of recovery, and (2) does not *in any way* relate to the loss or damage of goods in interstate transportation. *Id*. at 505-06. In furthering this line of reasoning, the Court provided an example of a claim involving interstate transportation, but nonetheless falling outside the scope of Carmack, stating "if an employee of the carrier assaulted or injured the shipper, state law remedies [for assault] would not be preempted" by Carmack. *Id*. As the Court further surmised, this same reasoning could *possibly* lead to a claim for intentional infliction of emotional distress remaining actionable. *Id*. The reasoning in *Rini*, however, is wholly inapplicable to the instant case for the reasons set forth below.

   i. **Contrary to Pemberton's argument, the Court in *Rini* ultimately overturned the trial court's decision to forgo preemption.**

First (and directly contrary to Pemberton's argument), the *Rini* court ultimately reversed the trial court's decision to forgo federal preemption. *Id*. As the Court reasoned, the plaintiff's claims for negligence, negligent misrepresentation, and unfair and deceptive trade practices clearly related to the interstate shipment of goods. *Id*.[2] Specifically, the claims were related to United's allegedly improper handling of the *ex post facto* insurance claim, which only occurred as a direct result of the loss or damage of goods. *Id*. As a result, the claims were related to the loss or damage of goods during interstate transportation, and the plaintiff's state and common law claims were indisputably preempted by Carmack. *Id*. Given that Pemberton similarly pleads state and common law claims, which as demonstrated in TECMA's original Motion and in this Reply Brief, have all been *repeatedly* preempted by Carmack (see footnotes 3-7), *Rini* does nothing to alter this reality. Pemberton's counterclaims must be dismissed with prejudice.

   ii. **As required by *Rini*, Pemberton fails to factually distinguish its state and common law claims in order to avoid federal preemption.**

Second, as required by the *Rini* court to avoid federal preemption, Pemberton fails to factually distinguish its state and common law claims from the scope of Carmack. As the *Rini* Court held, federal preemption can only be avoided if the movant establishes that the state and common law claims do not **in any way**, (1) enlarge the responsibility of the carrier for the alleged

---

[2] This reasoning is grounded in the language of Article VI of the United States Constitution, which states in part that the laws of the United States "shall be the supreme Law of the Land". U.S. Const. art. VI, § 2. It is settled, therefore, "that all conflicting state provisions be without effect." *Maryland* v. *Louisiana*, 451 U.S. 725, 746, 68 L. Ed. 2d 576, 101 S. Ct. 2114 (1981). When faced with a preemption question, consideration "starts with the assumption that the historic powers of the States [are] not to be superseded by . . . Federal Acts unless that [is] the clear and manifest purpose of Congress." *Rice* v. *Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 91 L. Ed. 1447, 67 S. Ct. 1146 (1947).

loss, or at all affect the ground or measure of recovery, and (2) relate to the loss or damage of goods in interstate transportation. *Id.* at 505-06. Rather than attempt to factually distinguish its claims from Carmack, as *Rini* requires, Pemberton vaguely states that the entirety of its claims "arise from TECMA's representations prior to any bill of lading," and "do not substantively enlarge TECMA's responsibility for misdelivered goods." *See* Pemberton's Response at 6. However, these vague assertions are made without any attempt to factually distinguish the claims from those that are subject to the scope of Carmack, and more important, are directly contrary to the plain language of Pemberton's pleadings.

Regarding Pemberton's breach of contract claim, it alleges that "Pemberton and Tecma contracted for the shipment and delivery of steel structures from Chihuahua, Mexico, to Pemberton, New Jersey," pursuant to which, "Tecma breached contracts with Pemberton" after shipments were either "lost" or "delayed". Dkt. 7 at 7, ¶¶32-36. Pemberton further alleges that "Pemberton has been damaged by Tecma's breach [of contract]," and goes on to list damages that occurred as a result of the alleged loss and/or delay. *Id.* When considering the plain language of Pemberton's breach of contract counterclaim, it *clearly* is related to the loss or damage to goods during interstate transportation from Mexico to New Jersey. *Id.* Carmack's scope undoubtedly preempts this claim.

Regarding Pemberton's remaining counterclaims for promissory estoppel and breach of good faith and fair dealing, it alleges that TECMA "promised Pemberton that it would timely deliver steel structures, deliver steel structures in the order they were manufactured…, and had the capability and capacity to do so." Dkt. 7 at 7, ¶¶38-45. After TECMA allegedly failed to timely and/or properly deliver the steel structures, Pemberton alleges they were "damaged due to contracting with Tecma rather than others" for the interstate shipment of goods from Mexico to

New Jersey. *Id*. Specifically, Pemberton alleges that the "significant delay" in shipments that resulted from contracting with TECMA lead to "substantial losses." *Id*. at ¶¶28-29. Again, by the plain language of Pemberton's remaining counterclaims, they clearly relate to the loss or damage to goods during interstate transportation from Mexico to New Jersey. *Id*. As a result, like the breach of contract claim, Carmack's scope undoubtedly preempts these claims.

Further, despite Pemberton's vague assertion that its counter-claims "do not substantively enlarge TECMA's responsibility for misdelivered goods," the entirety of Pemberton's common and state law claims are a clear attempt to balloon TECMA's potential responsibility for the alleged losses and delay. As stated in *Rini*, in order to avoid preemption, a party must demonstrate that the state law claim does not *in any way* enlarge the responsibility of the carrier for the alleged loss, or at all affect the ground or measure of recovery. Under Carmack, only economic damages and actual losses are recoverable. *See* 49 U.S.C. § 14706(a)(1). Yet, by and through the state and common law claims asserted by Pemberton, it further seeks to recover non-economic damages, to include punitive damages and attorney's fees. *See* Dkt. 7 at 9 (seeking attorney's fees and punitive damages). Not only have these damages been repeatedly held to be preempted by Carmack (*see* footnotes 3-7), but in direct contradiction to *Rini*, clearly enlarge the potential responsibility of TECMA for the alleged delay and loss. The entirety of these claims are undoubtedly preempted by Carmack, and must be dismissed.

### iii. As eventually admitted by Pemberton in its Response, its counter-claims clearly do not fall within the exceptions laid out in *Rini*, and are preempted by Carmack.

Lastly, the few possible exceptions to Carmack laid out in *Rini* (i.e. tortious assault and intentional infliction of emotional distress) are not at issue in the instant case. Rather, in connection with the transportation of goods from Mexico to New Jersey, Pemberton pleads claims for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing,

attorney's fees, and punitive damages. *See* generally Dkt. 7. The decision in *Rini* does not, *in any way*, carve out specific exceptions for these claims. *See generally Rini*, 104 F.3d 502. In fact, the *Rini* court specifically found that allegations of a breach of the covenant of good faith and fair dealing (pleaded by Pemberton) are preempted by Carmack. *Id*. at 506. And, as demonstrated in TECMA's original Motion to Dismiss, Pemberton's claims for breach of contract[3], promissory estoppel[4], breach of the covenant of good faith and fair dealing[5], attorney's fees[6], and punitive damages[7] have all been universally found by courts throughout the country to be preempted by

---

[3] *Miracle of Life, LLC v. N. Am. Van Lines, Inc.,* 368 F. Supp. 2d 494, 2005 A.M.C. 1704, 2005 U.S. Dist. LEXIS 8226 (D.S.C. 2005) (holding that Carmack Amendment preempted all of state law contract and tort claims, to include breach of contract and promissory estoppel, because all of claims arose out of, or were based upon, bill of lading that was issued for shipment); *see also Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc*., 738 F.3d 703, 706 (5th Cir. 2013) (citing *Accura Sys., Inc. v. Watkins Motor Lines, Inc*., 98 F.3d 874, 876 (5th Cir. 1996)).

[4] *Spray-Tek, Inc. v. Robbins Motor Transp., Inc.*, 426 F. Supp. 2d 875, 2006 U.S. Dist. LEXIS 17879 (W.D. Wis. 2006) (holding that carrier was entitled to summary judgment finding that promissory estoppel claim brought by shipper was preempted by Carmack Amendment).

[5] *Moffit v. Bekins Van Lines Co*., 6 F.3d 305, 306-07 (5th Cir. 1993) (finding claims for the tort of outrage, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, breach of implied warranty, breach of express warranty, violation of the Deceptive Trade Practices Act, slander, misrepresentation, fraud, negligence, gross negligence, and violation of common carrier duties under state law were preempted by the Carmack Amendment)

[6] *Univ. Chill LLC v. Saia Motor Freight Line, LLC*, No. SA-14-CA-902-FB, 2014 WL 12589581, at *2 (W.D. Tex. Nov. 14, 2014) ("[t]here is no provision in the Carmack Amendment which authorizes an award of attorney's fees and the Carmack Amendment preempts any state law basis for the recovery of attorney's fees."); *see also Accura Sys., Inc. v. Watkins Motor Lines, Inc*., 98 F.3d 874, 876 (5th Cir. 1996); *Strickland Transp. Co. v. Am. Distributing Co*., 198 F.2d 546, 547 (5th Cir. 1952); *Knight Transp., Inc. v. Westinghouse Digital Electronics, LLC*, No. 3:07-cv-1210-D, 2008 WL 194739, at *1 (N.D. Tex. Mar. 5, 2008); *Yakubu v. Atlas Van Lines*, 351 F. Supp. 2d 482, 2004 U.S. Dist. LEXIS 27018 (W.D. Va. 2004); *Polygram Group Distrib. v. Transus, Inc.*, 990 F. Supp. 1454, 1997 U.S. Dist. LEXIS 21220 (N.D. Ga. 1997); *Royal Air,Inc. v. AAA Cooper Transp., Inc.*, 395 F. Supp. 2d 436, 2005 U.S. Dist. LEXIS 14880 (W.D. La. 2005).

[7] *The Limited, Inc. v. PDQ Transit, Inc.*, 160 F. Supp. 2d 842, 2001 U.S. Dist. LEXIS 21969 (S.D. Ohio 2001) (shipper's claim for punitive damages was stricken due to being inconsistent with Carmack Amendment); *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377 (5th Cir. 1998);

Carmack. Pemberton later acknowledges this reality in its Response Brief, admitting at several points that the Carmack Amendment preempts its claims as pleaded. *See* Pemberton's Response at 7-8 ("The Carmack Amendment encompasses claims arising from untimely shipments…") ("As the Supreme Court held more than one-hundred years ago, on time delivery is part and parcel of interstate shipment, and therefore the Carmack Amendment includes such claims."). Yet, despite these various acknowledgements to the sweeping nature of Carmack, Pemberton nonetheless is requesting that the Court rule in total contravention of every Circuit in the United States[8], the Supreme Court of the United States[9], and the will of Congress[10]. The Court simply cannot allow Pemberton to do this, and pursuant to Rule 12(b)(6), must dismiss the entirety of its counterclaims with prejudice.

---

*Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 285 (7th Cir. 1997); *Cleveland v. Beltman North American Co. Inc.*, 30 F.3d 373 (2d Cir. 1994); *Pro-Pack, Inc. v. Hub Group, Inc.*, 1995 U.S. Dist. LEXIS 12265, 1995 W.L. 505934 (N.D. Ill. 1995).

[8] *See, inter alia, Air Prods. and Chem., Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 486 (5th Cir. 1983); *Intech v. Consd. Freightways*, 836 F.2d 672, 677 (1st Cir. 1987); *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 377 (2d Cir. 1994); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 706-7 (4th Cir. 1993); *Baker Perkins, Inc. v. Midland Moving & Storage Co.*, 920 F.2d 1301, 1306 (6th Cir. 1990); *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 284 (7th Cir. 1997); *Underwriters at Lloyds of London v. D Lux Van Lines*, 890 F.2d 1112, 1120 (10th Cir. 1989) (en banc) ("Because of the extensive history of Supreme Court interpretation of the Carmack Amendment it is hardly surprising that every circuit which has considered the matter… has either held or indicated it would hold that the Carmack Amendment preempts state common law remedies against a carrier...").

[9] *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-6 (1913) ("Almost ***every detail*** of the subject [of a carrier's liability for the interstate shipment of goods] is covered so completely that there could be no rational doubt that Congress intended to take possession of this subject, and supersede all state regulation with reference to it …").

[10] *Atchison, T. & S.F. Ry. Co. v. Harold*, 241 U.S. 371, 377-78 (1916) ("[I]t is not disputable that what is known as the Carmack Amendment to the act to regulate commerce… was an assertion of the power of Congress over the subject of interstate shipments, the duty to issue bills of lading, and the responsibilities thereunder, which, in the nature of things, excluded state action").

**C.     Pemberton's breach of contract claim cannot act as a substitute for claims brought under the Carmack Amendment, and must be dismissed.**

In its last attempt to skirt federal preemption, Pemberton vaguely requests that the Court allow its breach of contract claim to survive, and act as a substitute for a properly-pleaded Carmack claim. *See* Pemberton's Response at 7-8. As grounds for this argument, Pemberton ambiguously argues that because delayed and/or lost shipments are subject to Carmack (an admission which is in total contravention of its previous arguments against preemption), and because the delay and/or loss occurred pursuant to a bill of lading contact, a breach of contract claim could hypothetically act as a proper substitute for Carmack. *Id*. However, in stringing together this nebulous argument, Pemberton fails to cite a single piece of supporting authority. *Id*. And more important, Pemberton ignores the great weight of authority from courts across the country, from federal district courts to the Supreme Court of the United States, which universally hold that these claims are preempted by Carmack. *See* footnotes 3-10. Put simply, given the facts of the instant case, only a properly-pleaded Carmack claim can survive dismissal under the standards of Rule 12(b)(6). Because Pemberton failed to plead a Carmack claim, the entirety of its counterclaims must be dismissed with prejudice.

## II. CONCLUSION

For the foregoing reasons, TECMA respectfully requests that this Court grant its Motion to Dismiss for failure to state a claim upon which relief can be granted and dismiss each of Pemberton's state and common law claims, including its claims for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, attorney's fees, and punitive damages, in their entirety and with prejudice, and grant all other relief to which TECMA shows itself to be justly entitled.

------------------------------ *signature line on next page* ------------------------

Respectfully Submitted:

/s/ Vic Poulos

By: _____

**VICTOR F. POULOS**
State Bar No.: 3928
**ANDREW J. CAVAZOS**
State Bar No.: 150020

**POULOS & COATES, L.L.P.**
1802 Avenida de Mesilla
Las Cruces, NM 88005
PH: (575) 523-4444
FAX: (575) 523-4440
EMAIL:
victor@pouloscoates.com
andrew@pouloscoates.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically, which caused all parties or their counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing on this Friday, November, ___11th___, 2022.

/s/ Vic Poulos

**VICTOR. F. POULOS**