## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TECMA TRANSPORTATION
SERVICES, LLC,

      Plaintiff/Counter-Defendant,

        vs.                      Case No. 2:22-cv-00456-MV-KRS

200 SOUTH PEMBERTON, LLC,

      Defendant/Counter-Claimant.

### DEFENDANT/COUNTERCLAIMANT 200 SOUTH PEMBERTON, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT TECMA TRANSPORTATION SERVICES, LLC'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND ORIGINAL THIRD-PARTY COMPLAINT

Plaintiff/Counter-Defendant Tecma Transportation Services, LLC's ("Tecma") Motion for Leave to File First Amended Complaint and Original Third-Party Complaint (the "Motion") should be denied. [1] This Motion is unduly delayed, prejudicial, and futile. In addition, Tecma's proposed amended complaint is clearly an end run around its failure to answer Pemberton's counterclaim.

At the same time, Tecma's proposed third party complaint fails to state a claim as Fed. R. Civ. P. 14 does not allow a defendant to bring in third-parties that might be liable to plaintiff or that might have claims against the plaintiff, which is what Tecma seeks to do here.

In this instance, Tecma does not allege or even claim that the proposed third-parties are liable to it for Pemberton's claims, for instance through indemnity or contribution. For all of these reasons, and the reasons noted in this Motion, Tecma's attempt to amend its complaint should be denied.

---

[1] Note that Tecma again failed to comply with D.N.M.LR-Civ. 7.1(a). There is no exception in the Local Rules for motions under Rule 15. The Motion may be summarily denied for this failure alone.

## RELEVANT BACKGROUND AND PROCEDURAL POSTURE

At base this case is about who breached their contracts with whom first: Tecma or Pemberton. On June 15, 2022, Tecma filed a barebones complaint alleging that between November and December 2021, Pemberton contracted with Tecma for transportation of shipments from Mexico to New Jersey; that Pemberton accepted delivery without objection or protest; and that Pemberton failed to pay. (Doc. 1 at ¶¶ 8-13).

On August 26, 2022, Pemberton filed its First Amended Answer and Counterclaim. The Counterclaim alleges that Tecma knew it was critical to timely deliver loads and to deliver them in the order they were manufactured and ready for shipment. The Counterclaim further alleges that Tecma represented it had the capacity to do so and would do so. However, late into 2021, Tecma failed to deliver loads, lost loads, and refused to deliver the late loads until Pemberton paid invoices that it had in fact already paid. Tecma's failure to fulfill its promises resulted in delays in construction of a commercial warehouse and concurrent losses, all of which Tecma could anticipate at the time it contracted with Pemberton.

Tecma did not timely answer or respond to Pemberton's Counterclaim. Instead, Tecma untimely filed a motion to dismiss. As discussed in Pemberton's Response, (Doc. 21), Tecma's failure to timely answer means it has waived its affirmative defenses to Pemberton's counterclaims. Tecma's Reply, (Doc. 23), does not address the motion's untimeliness or Tecma's concurrent waiver. While Tecma has moved to dismiss most of Pemberton's counterclaims, critically, at the very least Pemberton has stated a claim under the Carmack Amendment and for consequential damages.

Tecma has now moved to amend its Complaint and to bring a Third-Party Complaint, although the Motion only discusses the latter. Tecma proposes to add twenty-seven new paragraphs that appear designed to answer Pemberton's counterclaim. For example, Tecma now

seeks to allege that Pemberton was required to pre-pay for shipments and that Pemberton agreed to shipments on an "as available" basis. Tecma also seeks to allege that it only refused to fulfill orders after Pemberton fell behind on payments, or in other words, that Pemberton materially breached first. Note that Tecma also now claims more in damages than it originally did: $117,900.91 versus $111,460.00.

Tecma also proposes to file an original third-party complaint. In response to Pemberton's counterclaim, Tecma claims, "by information and belief," that Pemberton's damages were caused by third-party carriers, contractors, and a manufacturer. Tecma also claims, again "by information and belief," that Pemberton failed to timely pay those third-party carriers, contractors and the manufacturer. Tecma noticeably omits any allegations or claims that the carriers, contractors, or manufacturer are liable to *Tecma*.

### AMENDMENT MAY BE DENIED AS DELAYED PREJUDICIAL AND FUTILE

**1. Motions to Amend May be Denied as Unduly Delayed, Prejudicial, and Where Amendment Would be Futile**

Federal Rule of Civil Procedure 15 governs amended pleadings. Unless a party amends as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Tecma did not obtain or even seek Pemberton's consent, therefore it must have the Court's leave. "The court should freely give leave when justice so requires." Rule 15(a)(2).

Although Rule 15 is phrased broadly, "permission to amend a pleading is not automatic." 3 *Moore's Federal Practice*, § 15.14[1] at 15-31 (3d ed. 2022); *see id*. at 15-38 to 15-39 ("Leave to amend should be freely granted, but a court is not required to grant leave merely because the motion is filed within the set time by the time set by the scheduling order."). Whether to grant or deny leave to amend is within the court's discretion, which may be abused if leave is denied "without any justifying reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave is generally

denied in three situations: (1) for undue delay, dilatory motive, or bad faith; (2) the amendment would prejudice the opposing party; and (3) amendment would be futile. *See U.S. v. Victaulic Co.*, 839 F.2d 242, 249 (3rd Cir. 2016).

First, leave to amend may be denied because of undue delay, dilatory motive, or bad faith. "It is well settled" in the Tenth Circuit "that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. US West, Inc.*, 3 F.3d 1357, 1355-56 (10th Cir. 1993) (internal citation omitted). "Some circuits hold that an amendment may be denied for undue delay only if the trial court finds prejudice, bad faith, futility, or (in some circuits) a substantial burden on the court," but the Tenth Circuit "focuses primarily on the reasons for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205-06 (10th Cir. 2006). When the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in prior complaints, the motion to amend is subject to denial." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Second, leave to amend may be denied when the amendment would prejudice the opposing party. Plaintiffs should generally be allowed to pursue valid claims, "'provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'" *Evans v. McDonalds Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) (quoting 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1219 at 194 (1990)). Prejudice results when an amendment allows a party to revive a waived affirmative defense. *See Venters v. City of Delphi*, 123 F.3d 956, 967-69 (7th Cir. 1997) (reversing district court that allowed late amendment to revive waived statute of limitation defense).

Finally, courts should "deny leave to amend where amendment would be futile." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th

Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### 2.  An Impleading Party Must Have A Claim Against the Impleaded Party

Federal Rule of Civil Procedure 14 governs third-party practice, often called "impleader." 3 *Moore's Federal Practice*, § 14.02 at 14-8 (3d ed. 2022). A party defending a claim may serve a complaint on a "nonparty who is or may be liable to it for all or part of the claim against it." Rule 14(a)(1). The same rule explicitly applies when a counterclaim has been brought against a plaintiff. Rule 14(b).

Rule 14 "basically permits a defending party to join an absentee for the purpose of deflecting all or part if its potential liability to the plaintiff on the underlying claim." 3 *Moore's* § 14.03[1] at 14-9. "Almost always" the deflection is based on an assertion of indemnity or contribution. *Id*. The Rule promotes judicial economy and efficiency by sparing "at least some of the parties the waste and expense of multiple suits." *Id*. at 14-9 to 14-10.

Rule 14 requires that the impleading party must have a derivative claim against the impleaded party. That is, "impleader is available only for the assertion of derivative claims or 'claims over' against the third party. It does not permit joinder of a new party for the assertion of any other claims, even transactionally related claims." *Id*. at 14-10. "The mere fact that the alleged third party claim arises from the same transaction or set of facts as the original claim is not enough." *Ocasek v. Hegglund*, 673 F. Supp. 1084, 1088 (D. Wyo. 1987) (denying motion to file third party complaint because party's "alleged liability to the defendant is not dependent upon the

defendant's alleged liability to the plaintiffs"); *see Lopez v. American Baler Co.*, 2013 WL 4782155, at \*12 (D.N.M. Aug. 12, 2013) (citing *Ocasek*). As *Moore's* puts it:

> An impleader claim is proper only to assert that the third-party defendant is liable *to the party impleading it (usually the defendant)*. Despite the clear language of the impleader rule on this point, some defendants continue to attempt to implead a third party on the basis of the third-party defendant's direct liability to the *plaintiff*. The courts properly reject such attempts and limit interpleader to those third-parties who are derivatively liable to the defendant.

> *Id.*, § 14.04[1] at 14-13. (emphasis in original).

## TECMA'S AMENDMENT IS UNDULY DELAYED, PREJUDICIAL, AND FUTILE

The Motion must be denied for three reasons. First, under the circumstances of this case, Tecma's proposed amended complaint is unduly delayed and prejudicial. Second, Tecma's proposed amended complaint fails to state a claim against the proposed third-party defendants. Finally, Tecma is not entitled to implead third-parties simply because they may be liable to Pemberton as part of the same transaction or occurrence.

### 1. In These Circumstances, Amendment Is Unduly Delayed and Prejudicial

Under the circumstances and procedural posture here, Tecma's proposed amended complaint is unduly delayed and would prejudice Pemberton. As discussed, Tecma initially claimed that Pemberton failed to pay it for transportation from Mexico to New Jersey. Tecma does not propose adding allegations based on newly learned facts or discovered evidence—it knew (or should have known) that Pemberton supposedly prepaid for "as available" shipments and failed to do so. At the very least, Tecma should have known how much Pemberton allegedly owed it.

Tecma's amended allegations were not included in its original complaint, which is reason enough to deny leave to amend. *See Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185 (stating leave may be denied where movant failed to include known facts). Tecma offers no reason or explanation why they were not originally included and why they seek to amend now, after it

failed to answer Pemberton's counterclaim, which again is reason enough to deny leave to amend. *See Frank*, 3 F.3d at 1365-66 (stating untimeliness alone warrants denial where movant has "no adequate explanation"). Finally, the Court can and should consider the broader circumstances here. *See Minter*, 451 F.3d at 1205-06 (stating Tenth Circuit "focuses primarily on the reasons for the delay"). Tecma's proposed additions are clearly designed to answer Pemberton's counterclaim, and justice does not require granting Tecma leave to amend its complaint to make up for its failure to answer Pemberton's counterclaim.

For related reasons, allowing Tecma to amend its complaint would prejudice Pemberton. Tecma is currently in default on Pemberton's counterclaim and has not sought leave to answer outside of time. The amended allegations are transparently designed to affirmatively allege that Pemberton breached before Tecma breached and then compounded its breach by deliberately refusing to fulfill its contracts. Allowing Tecma to revive these waived allegations and affirmative defenses would prejudice Pemberton's defense and its prosecution of its counterclaim. *See Evans*, 936 F.2d at 1090-91 (providing that amendment should not "prejudice the other party in maintaining his defense upon the merits").  This is especially so if, as anticipated, Tecma is allowed to defend itself from default judgment by citing its amended allegations. Stated differently, Pemberton will be prejudiced if Tecma is allowed to contradict allegations it has previously admitted or assert affirmative defenses it has previously waived. Amendment should therefore be denied as prejudicial.

Tecma may argue that its amendment is timely because it filed before the deadline in the scheduling order. However, filing within a scheduling order deadline does not entitle a party to leave. 3 *Moore's*, § 15.14[1] at 15-38 to 15-39. Tecma may also argue that it did not realize the importance of certain facts until after Pemberton filed its counterclaim. Even if the Court accepts that argument, it still does not explain why Tecma failed to timely answer the counterclaim, and

indeed would support the idea that Tecma is trying to amend its complaint to make up for its lack of answer. Finally, Tecma may appeal to the general liberality of Rule 15's language. Though leave should be granted when justice requires, "permission to amend a pleading is not automatic." 3 *Moore's*, § 15.14[1] at 15-31. Tecma is not entitled to amend solely because it has asked to, especially under the circumstances here. On the contrary, for the foregoing reasons, Tecma's Motion should be denied.

### 2. Tecma Fails to State Claims Against the Third-Party Defendants

Tecma should be denied leave to file a third party complaint as futile, given that it would be subject to a motion to dismiss. Rule 14 requires derivative claims against the proposed third-party. 3 *Moore's* § 14.03[1] at 14-10. Even liberally construed though, Tecma fails to state claims against the potential third-party defendants, whether for contribution, indemnity or otherwise.

Tecma's factual allegations all relate to the relationships between the third-parties and Pemberton—not Tecma. According to Tecma, Pemberton's damages were in fact caused by other carriers, John Doe contractors, and the manufacturer. Tecma also claims that Pemberton failed to timely pay these same carriers, John Doe contractors, and manufacturer. No well-pled factual allegations discuss Tecma's relationships with the proposed third-party defendants.

Further, Tecma does not state what its theories of recovery are against the third-party defendants, nor facts to support such theories. In particular, Tecma fails to state how or why third-parties are liable to it for its breaches of contract with Pemberton. No indemnity is claimed, nor right to contribution, nor any alternative claim that would cover Tecma for its breaches of contract or other failures. *See id.* (stating deflection of liability is almost always contribution or indemnity). Pemberton did not bring negligence claims, so Tecma cannot possibly claim that others are comparatively or contributorily negligent. "An impleader claim is proper only to assert

that the third-party defendant is liable *to the party impleading it (usually the defendant).*" *Id.*, §
14.04[1] at 14-13. (emphasis in original). Because Tecma has not asserted such a claim, its
proposed third-party complaint is futile.

Tecma claims in passing that it should be allowed to implead other parties to "adequately
protect itself." (Mot. at 7). The Motion does not elaborate on this claim, possibly because
amending the complaint and adding third-party defendants is not necessary for Tecma to
adequately protect itself. Tecma is perfectly capable of developing evidence and arguing that
others were responsible for Pemberton's damages without adding those parties as defendants;
Tecma already seems to have developed the argument that it was a small portion of Pemberton's
deliveries and that those deliveries were not received timely. Tecma does not explain why
additional parties must be formally impleaded for Tecma to argue it did not cause Pemberton's
damages or that other deliveries were untimely, and the Court need not develop one for Tecma.

### 3. Tecma May Not Implead Parties Based on Their Alleged Liability to Pemberton

Again, Rule 14 allows a party to implead third-parties that are or may be liable to "*it* for
all or part of the claim against *it*." Rule 14(a)(1) (emphasis added). Under the Rule's plain
language, the impleading party must have a derivative claim against impleaded parties. If the
Rule itself was not clear enough, authorities agree that third-party plaintiffs must have derivative
claims against the proposed third-party defendants. *See* 3 *Moore's*, § 14.04[1] at 14-13; *Ocasek v.
Hegglund*, 673 F. Supp. at 1088; *Lopez*, 2013 WL 4782155, at *12 (citing *Ocasek*).

In this case, Tecma improperly attempts to implead third-parties based on their alleged
liability to Pemberton. Tecma's claims are not that it is entitled to indemnity or contribution from
the third-parties, but that third-parties, "on information and belief," are liable to Pemberton for
delays resulting in Pemberton's losses. Tecma may not implead parties based on their alleged
liability to Pemberton. 3 *Moore's*, § 14.04[1] at 14-13 (stating courts "properly reject" impleader

"on the basis of the third-party defendant's direct liability to the *plaintiff*"); *Lopez*, 2013 WL 4782155, at *16 (denying impleader where third-party defendant would not be liable to third-party plaintiff, but to plaintiff directly, "if liable at all").

Nor would it be proper to allow Tecma to implead parties simply because they were also involved in the transaction or occurrence in this case. Tecma appears to misread Rule 14 to allow impleading anyone that is or may be liable at all, given their claims that Pemberton failed to timely pay others. Simply put, Rule 14 does not allow this practice, even if Pemberton actually has claims against the third-parties. *See Ocasek*, 673 F. Supp. at 1088; 3 *Moore's* 14.03[1] at 14-10 (stating Rule 14 does not allow impleading parties simply for transactionally related claims). Accordingly, leave to file a third-party complaint should be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, the Motion must be denied, both as to Tecma's proposed amended complaint and proposed third-party complaint. Given the unique procedural circumstances in this case, Tecma's proposed amendment is unduly delayed and would prejudice Pemberton. Tecma proffers no reason or explanation why it has delayed in asserting the factual allegations it has, and the court should not countenance Tecma's procedural maneuvers.

Regarding the third-party complaint, Tecma fails to state a claim against the proposed third-party defendants at all, much less a derivative claim as Rule 14 requires. Without a derivative claim, Tecma may not implead third parties simply because they may also be liable to Pemberton or because they were also involved in the same transaction or occurrence as the parties' existing claims. Accordingly, both aspects of Tecma's motion must be denied.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By    */s/ Jeffrey R. Taylor*
　　　　Tyler M. Cuff
　　　　Jeffrey R. Taylor
P.O. Box 1888
Albuquerque, NM 87103
(505) 765-5900
tcuff@rodey.com; rtaylor@rodey.com
*Attorneys for Defendant 200 South Pemberton LLC*


<u>CERTIFICATE OF SERVICE</u>

　　　　I hereby certify that on November 11, 2022, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

By:    */s/ Jeffrey R. Taylor*
　　　　Jeffrey R. Taylor