## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TECMA TRANSPORTATION SERVICES, LLC,

      Plaintiff/Counter-Defendant,

v.                                  No. 2:22-cv-456 MV/KRS

200 SOUTH PEMBERTON, LLC,

      Defendant/Counter-Plaintiff.

### **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      THIS MATTER is before the Court on Plaintiff/Counter-Defendant Tecma

Transportation Services, LLC's Motion for Leave to File First Amended Complaint and Original

Third-Party Complaint, filed October 31, 2022. (Doc. 22). Defendant/Counter-Claimant 200

South Pemberton, LLC, filed a response to the Motion on November 11, 2022. (Doc. 24). No

reply has been filed, and the time for doing so has passed. On April 6, 2023, the presiding judge

referred this Motion to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a).

(Doc. 25).[1] Having considered the parties' submissions, the relevant law, and the record of this

---

[1] Section 636(b)(1)(A) authorizes a magistrate judge to hear and determine pretrial matters, other than motions for injunctive relief and dispositive matters, and the standard of review is whether the magistrate judge's order is clearly erroneous or contrary to law. When a magistrate judge determines a dispositive matter, however, the judge should issue a recommendation that can be reviewed upon objections under the de novo standard of review. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988) ("As to any dispositive matter, magistrate [judge] authority is limited and the district court must use the de novo standard of review.") (citing Fed. R. Civ. P. 72(b)). A ruling on a motion to amend that effectively removes a party, claim, or defense is a dispositive determination and should be made by recommendation. *See id.* at 1461-63; *Wood v. World Wide Assoc. of Specialty Programs and Schools, Inc.*, 2008 WL 4065622, at *1 (D. Utah); *McCormick v. City of Lawrence, Kansas*, 2003 WL 158704, at *1 (D. Kan.) (explaining that a determination of a motion to amend based on futility grounds is similar to a motion to dismiss under Rule 12(b)(6), which is dispositive and subject to de novo review). Since a ruling on Tecma's Motion to File Amended Complaint affects the parties, claims, and defenses in this case, the Court will proceed under 28 U.S.C. § 636(b)(1)(B) and enter proposed findings of fact and recommendations.

case, the Court recommends that the Motion for Leave to File First Amended Complaint and

Original Third-Party Complaint, (Doc. 22), be denied.

## I.    BACKGROUND

Plaintiff/Counter-Defendant Tecma Transportation Services, LLC ("Tecma") is engaged

"in the arranging for and the performance of intrastate and interstate carriage for hire."  (Doc. 1)

at 1.  Tecma alleges that between November 2021 and December 2021, Defendant/Counter-

Claimant 200 South Pemberton, LLC ("Pemberton") contracted with Tecma to arrange for and

provide the transportation of various shipments from Mexico to a work site in New Jersey.  *Id.* at

2.  Tecma states that it provided Pemberton invoices for its transportation services in the amount

of $111,460.00, but Pemberton failed to make any payment.  *Id.*  On June 15, 2022, Tecma filed

its Complaint bringing claims for Breach of Transportation Contracts and Unjust

Enrichment/Quantum Meruit against Pemberton.  *Id.* at 2-3.[2]

---

[2] Tecma states that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1337.  Under Section 1332, federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States."  Both Tecma and Pemberton indicate they are "Limited Liability Companies."  While a corporation is considered a citizen of the state(s) in which it was incorporated and maintains its principal place of business, an LLC is a citizen of every state in which any member is a citizen.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).  Neither party has filed a disclosure statement identifying the citizenship of their LLC members, so the Court is unable to determine whether it has diversity subject matter jurisdiction.  *See* (Doc. 8) (Pemberton's Corporate Disclosure Statement filed under Fed. R. Civ. P. 7.1(a)(1), identifying its parent corporation, but not stating the LLC members' citizenship).  Accordingly, the Court directs the parties to comply with the requirements of Fed. R. Civ. P. 7.1(a)(2) and file disclosure statements identifying the citizenship of every LLC member.  Because Plaintiff also cites Section 1337 as providing jurisdiction in this case, the Court does not order the parties to show cause why the case should not be dismissed for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1337(a) ("The district courts shall have original jurisdiction of any civil action or proceeding arising under an Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.").

In response to Tecma's Complaint, on August 26, 2022, Pemberton filed an Amended Answer and Counterclaim against Tecma for Breach of Contract, Promissory Estoppel, and Breach of the Covenant of Good Faith and Fair Dealing.  (Doc. 7) at 4-9.  Pemberton states that it hired Tecma to deliver steel structures from Chihuahua, Mexico to Pemberton, New Jersey, to be used in the construction of a commercial building.  *Id.* at 4-5.  Pemberton alleges that Tecma failed to deliver the steel structures within a reasonable time period and in the proper order, resulting in significant delays and monetary losses in excess of $1 million.  *Id.* at 6-7.

On October 12, 2022, Tecma filed a Motion to Dismiss Pemberton's Counterclaims under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 20).  In that motion, Tecma argues Pemberton's counterclaims are wholly preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, et seq, which is Pemberton's sole remedy to seek damages for loss, delay, or damage to property shipped in interstate commerce under a receipt of a bill of lading.  *Id.* at 2-3.  Pemberton opposes the Motion to Dismiss on the grounds that it is untimely and because its claims are separate and distinct from claims for damage or loss to shipped goods arising out of a bill of lading and, instead, are based on Tecma's misrepresentations, breaches of contract, and other bad faith conduct.  (Doc. 21) at 1-2.  In addition, Pemberton argues it has stated a claim for relief under the Carmack Amendment and, if the Court finds a deficiency in its pleading, it requests leave to amend its Counterclaim.  *Id.* at 2.  Tecma filed a reply to its Motion to Dismiss maintaining that the counterclaims are preempted by the Carmack Amendment. (Doc. 23).  The Motion to Dismiss is ready for ruling.

In Tecma's Motion to File a First Amended Complaint, Tecma states that it needs to add third-party defendants in order to respond to Pemberton's counterclaims.  (Doc. 22) at 2.  Tecma seeks to add as third-party defendants: ESJ S.A. De C.V. ("ESJ"), which is the manufacturer that

made the materials Tecma was contracted to deliver to Pemberton; as well as seven of the nine carriers Pemberton had also contracted with to transport the construction materials—Client Recoge, Prov Diverso Fletes, Transportes Soto E Hijos SA DE CV, BEX Transportation Inc., Alan Eduardo Martinez, Transportes De Carga Angeuelz Azules SA De CV, and Siloz-Express SA De CV, (collectively the "Third-Party Carrier Defendants"). *Id.* at 3. Tecma states that "manufacturing defects, delays, failures in communication, and shipping/logistical failures caused Third Party Defendant ESJ to manufacture and/or ship the constructions materials out of order," and that "variance in completion times by the Third-Party Defendant Carriers further caused the construction materials to be delivered out of order." *Id.* at 4. Tecma further alleges that delays in the completion of Pemberton's construction project were "due to the acts and/or omissions of John Doe Carriers and John Doe Contractors" whose identity is still unknown. *Id.* at 5. Accordingly, Tecma seeks to file a Third-Party Complaint adding the following three claims: (1) a claim against the proposed Third-Party Carrier Defendants under the Carmack Amendment for failure to timely deliver shipments to Pemberton in the order they were produced; (2) a claim against Third-Party Defendant ESJ for breach of ESJ's contract with Pemberton; and (3) a claim against John Doe contractors for breach of their contracts with Pemberton. (Doc. 22) at 15-23 (Proposed Third-Party Complaint). While Tecma titles its motion as a Motion to Amend Complaint, it does not appear that Tecma made any amendments to its original complaint, other than stating the amount Pemberton failed to pay is now $117,900.91, instead of $111,460.00. *Id.* at 13. Nevertheless, Tecma asks the Court for relief in the amount of $111,460.00. *Id.* at 14.

Pemberton opposes the Motion to File Amended Complaint, arguing it is untimely, prejudicial, and futile. (Doc. 24) at 1. Pemberton contends the proposed third-party complaint is

unduly delayed because its additional allegations are not based on newly learned facts or discovered evidence, and the allegations should have been included in Tecma's original complaint.  *Id.* at 6-7.  Pemberton states it would be prejudiced by the proposed amendments because they are an attempt for Tecma to belatedly answer Pemberton's Counterclaims instead of seeking leave to file a late answer.  *Id.* at 7-8.  Finally, Pemberton contends that Tecma fails to state a claim for relief against the proposed Third-Party Defendants because the proposed claims are between the third-parties and Pemberton, not Tecma.  *Id.* at 8-10.  Tecma did not file a reply in support of its Motion to File Amended Complaint, and the time for doing so has passed.

## II.     LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows amendment of a pleading, after a responsive pleading has been served, "only with the opposing party's written consent or the court's leave."  While leave to amend should be freely given, *see* Fed. R. Civ. P. 15(a)(2), the Court may refuse leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (citation omitted).  The Tenth Circuit has held "that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted); *see also Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.").  Additionally, a motion to amend a complaint is futile if, notwithstanding the

amendment, the complaint "would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

Rule 14 governs "third-party practice," also known as impleader, in federal court.  Under Rule 14, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  "[T]he third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer."  *Id.*  The purpose of Rule 14 "is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit."  *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008); *see also Patten v. Knutzen*, 646 F. Supp. 427, 429 (D. Colo. 1986) ("The general purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence[.]").  To that end, "Rule 14(a) should be liberally construed to accomplish its purpose[,] but it is not a catchall for independent litigation."  *United States Fid. & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968); *see also Am. Zurich Ins. Co.*, 512 F.3d at 805 (explaining third-party pleading is appropriate "only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim").  "Any party may move to strike the third-party claim, to sever it, or to try it separately."  Fed. R. Civ. P. 14(a)(4).

## III.    ANALYSIS

### A.  Whether the Third-Party Complaint is Unduly Delayed or Prejudicial

Pemberton first argues that Tecma's Motion to file Amended Complaint is unduly delayed and prejudicial.  Tecma's Motion to Amend was filed within the scheduling order

deadline to amend pleadings or join parties.  *See* (Doc. 16) at 2.  Nevertheless, Tecma does not provide a reason why it did not bring the allegations included in its Motion to Amend in its original Complaint, other than stating that it needs to add the proposed Third-Party Defendants to respond to Pemberton's counterclaims against it.  *See* (Doc. 22) at 7.  This is an improper procedure to respond to counterclaims and, instead, Tecma was required to file an answer under Rule 12 within the appropriate time period.  *See* Fed. R. Civ. P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.").  Pemberton filed its Counterclaim on August 26, 2022, (Doc. 7), and Tecma's Motion to Dismiss, (Doc. 20), and Motion to Amend, (Doc. 22), were not filed until October 12, 2022 and October 31, 2022, respectively.  Tecma has not asked to file an untimely response to the Counterclaim, and it would be prejudicial to Pemberton to allow Tecma to circumvent the Rules regarding the timing of pleadings by letting it address the Counterclaim through an amended complaint.  The Court, therefore, recommends denying the Motion to Amend because it was unduly delayed and would be prejudicial to Pemberton.  *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (holding that a court may properly deny leave to amend when the movant does not offer an adequate explanation for the delay); *see also Venters v. City of Delphi*, 123 F.3d 956, 967-69 (7th Cir. 1997) (finding late amendment of complaint was prejudicial and should be denied when it revived a waived affirmative defense).

### B.  Whether the Third-Party Complaint is Futile

In addition, Pemberton argues that the Motion to Amend should be denied because it would be futile.  The Tenth Circuit directs that courts should "deny leave to amend where amendment would be futile," meaning "the complaint, as amended, would be subject to

dismissal." *Jefferson Cnty. Sch. Dist. No. R-1*, 175 F.3d at 859.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In Tecma's proposed Third-Party Complaint, it alleges that Pemberton contracted with a manufacturer (ESJ) to produce construction materials, and with Tecma and eight other carriers to provide for the interstate transport of the materials.  (Doc. 22) at 16-17.  Tecma claims that manufacturing issues by ESJ and variations in delivery completion times by the Third-Party Defendant Carriers caused the materials to be delivered to Pemberton late and out of order, and thus "caused and/or contributed to Pemberton's claimed economic damages." *Id.* at 18.  Tecma further alleges that Pemberton's failure to pay Tecma and the proposed Third-Party Defendants also resulted in shipping delays. *Id.* at 19-20.  Based on these allegations, Tecma brings a claim under the Carmack Amendment against the proposed Third-Party Defendant Carriers for failure to deliver shipments to Pemberton in a timely manner and in the order they were produced. *Id.* at 21.  Tecma also brings claims for breach of contract against ESJ and John Doe Contractors for failure to comply with their contracts with Pemberton. *Id.* at 21-23.  Tecma states the actions of the Third-Party Defendants caused Pemberton economic damages, and they are "liable, in whole or in part, for the claims asserted against Tecma." *Id.*

Rule 14 allows a party to bring a third-party complaint against parties that are or may be "liable to *it* for all or part of the claim against *it*." Fed. R. Civ. P. 14(a)(1) (emphasis added).

> A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party.  The secondary or derivative liability notion is

8

central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory. If the claim is separate or independent from the main action, impleader will be denied. The claim against the third-party defendant must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

§ 1446, When a Third-Party Action Is Proper, 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.).

Here, the counterclaims Pemberton has asserted against Tecma are for breach of contract, promissory estoppel, and breach of the covenant of good faith and fair dealing, and are based on allegations that Tecma breached its contracts with Pemberton. Tecma's proposed third-party claims, however, involve contracts between the third parties and Pemberton, not Tecma. Tecma does not explain how any of the proposed third parties could be liable to Tecma—it does not allege secondary or derivative liability on the basis of indemnity, subrogation, contribution, express or implied warranty, or some other theory. Indeed, at most it appears that Tecma's proposed Third-Party Defendants may be liable to Pemberton for failure to perform their contracts with Pemberton. Tecma's assertions that its proposed third-party claims arise out of the same set of facts as Pemberton's counterclaims, and that the proposed Third-Party Defendants may also be liable for Pemberton's alleged damages, are not the proper bases for a third-party claim under Rule 14. *See Lopez v. Am. Baler Co.*, 2013 WL 4782155, at *16 (D. N.M.) (denying defendant's motion to implead third-party, explaining that if the plaintiff succeeds in the negligence claim, the defendant may reduce its liability by the proposed third-party's comparative negligence, but "[i]t is not necessary for [the third party] to be in the case for [the defendant] to benefit from the negligence claim, because [the defendant] can benefit from

comparative negligence by trying [the third party's] empty chair"); *Assembled Elec. Optimized Sols. v. Manncorp, Inc.*, 2001 WL 37124772, at *2 (D.N.M.) (denying motion to implead third-parties that may be liable for some of the plaintiff's damages, explaining "[t]he third-party plaintiff must allege facts sufficient to establish the derivative or secondary liability of the third-party defendant," and "Rule 14(a) is procedural and does not create any right to seek indemnification or contribution") (citations omitted); *Ocasek v. Hegglund*, 673 F. Supp. 1084, 1087-88 (D. Wyo. 1987) ("The defendant's proposed third-party action does not allege that ASCAP may be liable for all or part of the plaintiffs' claim against her; she merely alleges an action in tort arising out of the same basic set of facts. … Since ASCAP's alleged liability to the defendant is not dependent upon the defendant's alleged liability to the plaintiffs, this is an improper third-party complaint under Rule 14 and the Court must deny the defendant's motion to assert this third-party complaint against ASCAP."); *PTM Dev. Co. v. Leland*, 2007 WL 4268773, at *3 (N.D. Okla.) (denying motion to file third-party complaint where the defendant did not allege contractual indemnification, stating the allegation that the third-party may also be liable for the plaintiff's damages is "simply a defense to plaintiff's claims" and "is not the proper basis for a third-party claim under Rule 14").  For these reasons, the Court also recommends denying Tecma's Motion to Amend on the basis of futility.

## IV.    RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Leave to File First Amended Complaint and Original Third-Party Complaint, (Doc. 22), be DENIED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**